# Smith *v.* The State.

| 92 | 69 |
| 111 | 50 |

*Indictment for Living in Adultery..*

1. *Impeaching witness by proof of former contradictory declarations; charge invading province of jury.*—When a . witness is shown to have made former contradictory declarations, whether they are proved by other witnesses, or admitted by himself on cross-examination, it is for the jury to decide what weight they will give this fact; and where the only evidence of the former declarations is the admission of the witness himself on cross-examination, a charge which instructs the jury that he "stands before them unimpeached, and they must consider his testimony as that of any other unimpeached witness," is an invasion of their province, and erroneous.

FROM the County Court of Wilcox.
Tried before the Hon. J. T. BECK.

[Smith v. The State.]

The appellant in this case, Dan Smith, was indicted, tried and convicted for living in adultery with Martha McIntosh. The only exception reserved, and which is assigned as error in the record, was to the court's giving the charge copied in the opinion; and the evidence in connection therewith is also stated in the opinion.

HOWARD & JONES and E. A. JONES, for appellant, cited *Marler v. State*, 67 Ala. 55 ; *Childs v. State*, 58 Ala. 349 ; *Eiland v. State*, 52 Ala. 322 ; *Edgar v. State*, 43 Ala. 45; *Corley v. State*, 28 Ala. 22 ; 3 Brick. Dig. 110, § 63 ; 1 Greenl. Ev. (12th Ed.) §§ 461--462.

WM. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.--One of the usual methods of impeaching a witness is by proof of statements made out of court, which are inconsistent with the testimony given at the trial; and it is a matter of no consequence whether such statements are proved by other witnesses, or are admitted to have been made, by the witness whose testimony is sought to be discredited by them. When this mode of discrediting a witness is resorted to, and the fact that such previous contradictory statements have been made is proved, it is with the jury to determine what weight they will accord this circumstance, in considering the testimony of the witness as adduced on the trial. They may, notwithstanding this infirmative circumstance, give entire credence to such testimony; or, on the other hand, it is their right to reach the conclusion that the credibility of the witness is destroyed by reason of his former contradictory statements—they may believe him, or they may conclude that he has been impeached.

In the case at bar, Martha McIntosh, having testified to certain material facts as a witness for the State, admitted, on cross-examination, that she had on more than one occasion stated precisely the reverse as to these matters, to the defendant's attorneys. With respect to her testimony, thus infected with infirmative considerations, from which the jury had a right, without being chargeable with capriciousness, to conclude that she was swearing falsely, and stood before them impeached, the court instructed the jury as follows : "Martha McIntosh's testimony is before you unimpeached, and you must look at and consider her testimony as you would any other unimpeached evidence, and as jurors you can not capriciously or causelessly reject her evidence." This charge was a palpable invasion of the province of the jury, and a mani-

[Cauley v. The State.]

fest determination by the court of a matter upon which the jury alone was authorized to pass. The giving of this charge was erroneous.—*Corley v. State*, 28 Ala. 22 ; *Norris v. State,* 87 Ala. 85.

The judgment of the County Court is reversed, and the cause remanded.