# C. Jones *v.* The State.

## *Rape.*

[DECIDED APRIL 17, 1906, 40 So. REP. 947.]

1. *Witnesses; Inconsistent Statements; Impeachment; Predicate.* Where a witness was asked if she did not tell a third person that she would not have told on defendant if certain persons had not seen them, and denied making such statement, or stated that she did not remember having made it, a proper

predicate was laid for the introduction of impeaching testimony.

2. *Same; Impeachment; Effect; Jury Question.*—The effect of contradictory statements on witness' credibility is a question for the jury.

3 *Same; Competency; Voir Dire.*—On her *voir dire*, a witness shown to be nine years old, stated that it was wrong to tell a lie, and that God could put her in jail if he wanted to; Held, that she was incompetent to testify as showing no such religious training or knowledge as excited a hope of future reward to the good, or fear of punishment to the evil.

APPEAL from Lowndes Circuit Court.

Heard before Hon. J. C. RICHARDSON.

The defendant was indicted and tried for the rape of Salonia Calloway. During the trial and while Salonia Calloway was testifying, the defendant asked her if she did not tell Ben Jones, the defendant's father, that "you would not have told that tale on Charlie, but them women caught you and Charlie doing it, and you had to tell a story to keep from getting a whipping." When the defendant introduced Ben Jones as a witness, he asked the witness if Salonia Calloway had not told him the matter above set out: "Did you not have a conversation with Salonia Calloway (the prosecutrix in this case) in which she said to you she would not have told on Charlie if Caroline Taylor and Mary Bennett had not caught them?" The solicitor objected to the question on the ground that it was leading; that it was illegal, and that no proper predicate had been laid therefor; that witness could not be impeached without proper predicate, which had not been laid. The court sustained the objection to the question.

Being examined on her *voir dire*, May Calloway, a witness for the state, shown to be but nine years old, said: "I will be ten my next birthday. God made me. I have been to church and Sunday school. It is wrong to tell a lie. It is wrong to swear to a lie. I am not going to swear to a lie. I am going to tell the truth." The solicitor then asked: "If you should swear to a lie, what would the judge do to you? A. He would put me in jail." The defendant's counsel asked to be permitted to question the witness, and, on being granted

(C. Jones v. The State.)

leave, asked: "If you were a bad girl, and should swear falsely where would you go? A. I reckon I would go to jail. Q. Could God put you in jail? A. I reckon he could if he wanted to." Thereupon the court, over the objection of the defendant, permitted the said witness to testify.

GEO. E. GORDON and EVANS HINSON, for appellant. (No brief came to the reporter's hands.)

MASSEY WILSON, Attorney General for the State. The witness Bertha Calloway was properly permitted to testify. Her examination on *voir dire* shows her to be competent.—*McGuff v. State*, 88 Ala. 147; *Wade v. State*, 50 Ala. 164.

The venue and time not being laid in the question for a predicate, the court properly sustained the state's objection to the questions propounded the prosecutrix seeking to impeach her.—*Floyd v. State*, 88 Ala. 16; *Phoenix Ins Co. v. Moog*, 78 Ala. 284; 9 A. & E. Ency. Law, (1st ed.), 784, *et seq.*

DENSON, J.—Proving that a witness had made contradictory statements as to material facts testified to by such witness on the trial cause is a well-recognized method of impeachment.—*Smith's case*, 92 Ala. 69, 9 South. 622; *Payne's case*, 60 Ala. 80; *Henson's case*, 120 Ala. 316, 25 South. 23. If the witness Salonia Calloway made the statements to Ben Jones embodied in the questions propounded to her on cross-examination by the defendant's counsel, they were contradictory to material facts testified to by her on her examination in chief. The questions contained the proper predicate, and it must be held that the court erred in sustaining the solicitor's objections to them.

If the question had been allowed, and the witness had denied making the statements, or had said she did not remember making them, then it would have been competent to have proved by Ben Jones that the witness did make the statements. Authorities supra. The effect of contradictory statements on the credibility of the

witness should be left to the determination by the jury. *Paul's case,* 100 Ala. 138, 14 South. 634; *Child's case,* 76 Ala. 93.

The court erred in holding that the child, May Calloway, on her *voir dire,* was a competent witness. She showed no such religious training and instruction as excited a hope of future reward to the good and fear of punishment to the wicked.—*Carter's case,* 63 Ala. 52, 35 Am. Rep. 4; *Beason's case,* 72 Ala. 191; *White's case,* 136 Ala. 58, 34 South. 177.

For the errors pointed out, the judgment appealed from must be reversed, and the cause remanded.

Reversed and remanded.

WEAKLEY, C. J., and HARALSON and DOWDELL, JJ., concur.