25 So.2d 777

**MINCEY v. STATE.**

4 Div. 396.

Supreme Court of Alabama.

April 11, 1946.

Rehearing Denied May 9, 1946.

J. L. Giddens, of Troy, for appellant.

Wm. N. McQueen, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

**GARDNER, Chief Justice.**

The appeal is from a judgment of conviction of murder in the first degree with infliction of the death penalty. The defendant has been found an indigent and counsel appointed by the court for his defense and for his representation on this appeal. The appeal is governed by what is commonly known as the automatic appeal statute, now found in Title 15, Secs. 382 (1) to 382(13), Code 1940, Cum.Pocket Part.

It is clear enough Jimmie John Hansen was murdered and that the motive was robbery. One Livingston operated a store on Love Street in Troy, Alabama, some thirty yards from the Central of Georgia Railroad track. Between 8 and 9 o'clock on the night of August 25, 1945, Hansen and this defendant were in Livingston's store, where Hansen made a small purchase and made this remark in defendant's presence: "You are talking to the man with the money now." Hansen evidently made the remark merely in jest, though perhaps defendant construed it otherwise, as would appear from subsequent events.

The two left the store "side and side" and walked down the Central of Georgia Railroad track together. Between 8 and 9 o'clock that night the body of Hansen was found on the railroad track. Hansen was dead when the first witness saw his body in a dark, secluded spot on the track, some 70 feet below the overhead bridge on Madison Street in Troy. His throat had been cut, and there were other knife wounds on his face.

One Grace Sangers, who may be designated perhaps as defendant's "girl friend," testified that defendant came to her house before dawn on Sunday morning following the murder on Saturday night and told her he "was in trouble and had to leave." Defendant made a similar statement to witness Rogers a few hours later the same Sunday. Upon examination of the spot where the body was discovered a number of identifying papers were found, among them Hansen's security card; and thrown over in a junk pile was an empty folder.

Defendant was apprehended in Birmingham, and at first gave a fictitious name. He later admitted his correct name and made a complete confession, which was shown to have been entirely voluntary. He exhibited the knife with which he cut Hansen, and gave some description of how he cut his throat. In the thumb catch of this knife there was found human blood. This knife and his "coveralls," on which also there was blood, were offered in evidence and are here exhibited. He told of taking three one dollar bills from the folder and then throwing the folder over toward the junk pile.

■ Defendant waived in writing a special venire, as authorized by Title 30, Sec. 70, Code 1940. Defendant did not take the stand, and offered no proof. It is a plain case made out fully by the State by testimony, the competency of which cannot be questioned, and calls for no discussion here. The trial judge gave a very clear and fair charge in his oral instructions to the jury, and also approved quite a number of charges requested by the defendant. He refused two charges.

■ Refused Charge No. 12 has been condemned in a number of our decisions. Allen v. State, 134 Ala. 159, 32 So. 318; Amos v. State, 123 Ala. 50, 26 So. 524; Wilson v. State, 243 Ala. 1, 8 So.2d 422.

■ Refused Charge No. 22 has likewise been condemned. Smith v. State, 197 Ala. 193, 72 So. 316; Clark v. State, 239 Ala. 380, 195 So. 260. This latter charge is also objectionable as written (though perhaps merely a typographical error) in that it begins with "I" where, of course, the word "If" was intended.

■ There was no motion for a new trial, but under the automatic appeal statute we are called upon to carefully review the record and grant a new trial if we are convinced that the ends of justice so demand, though no motion be interposed.

A study of this record is quite convincing there would not be the slightest justification for this Court to in any manner disturb the verdict of the jury rendered upon such plain and persuasive proof. We find in this record no error to reverse, and the judgment of conviction will accordingly be here affirmed.

Affirmed.

All the Justices concur.