282 So.2d 907

Homer Lee SMITH

v.

The STATE of Alabama.

SC 359.

Supreme Court of Alabama.

Aug. 30, 1973.

Rehearing Denied Sept. 27, 1973.

Arnold W. Umbach, Jr., Opelika, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and Samuel L. Adams, Sp. Asst. Atty. Gen., Dothan, for the State.

FAULKNER, Justice.

Homer Lee Smith was indicted by the Grand Jury of Lee County, Alabama, for the offense of burglary in the second degree. He was tried by a jury on a plea of not guilty. He was found guilty as charged in the indictment and was sentenced to ten years in the State penitentiary. He appealed his conviction and sentence to the Court of Criminal Appeals. On April 24, 1973 the appeal was transferred to this Court.

The victim of the alleged burglary was Moses Glenn who was working out a fine for D.W.I. at the Auburn police headquarters. Glenn testified that when he went to work on the morning of July 21, 1971, he left all the doors of his house locked. When he reutrned home in the afternoon of the same day, he found a door open and the screen off one widow. He went into a bedroom and noticed that the drawers of a chifforobe and chest of drawers were open. He called the police. He then noticed that a yellow sports shirt was missing. His wrist watch, cuff links, and a few other things left lying on a chair were also missing. Glenn, who was convicted of forgery in 1961, further testified that he had not given any person permission to enter his house.

The State's case was made on an alleged voluntary confession given by the accused, Smith, to Lt. Frank deGraffenried and Sgt. Murphy of the Auburn Police Department. Smith could not read or write, but could write his name. He allegedly confessed that he went into the house and took the yellow sports shirt. The alleged confession was taken in writing by the police, who read it back to the accused. He signed it.

The circumstances surrounding this alleged voluntary confession is the basis of this appeal.

After the jury had left the courtroom, and out of the presence of the jury, Lt. deGraffenried testified that he had advised Smith of all his constitutional rights and Smith made the statement voluntarily. The statement was then read. Defense counsel entered an objection to the admission of the statement.

The jury was brought into the courtroom and questions concerning the voluntariness of the statement were propounded to the officer. Defense was permitted to question on voir dire:

"Q. So from the afternoon before until the next afternoon he was not taken before a Magistrate, no bond was set?

"A. I don't know about the bond, sir. I'm sure he wasn't taken before a Magistrate. It's not common procedure for us.

"A. Was he taken before any other Judicial official the next day when you questioned him?

"A. No, sir.

"Q. Was this on—Was this during the week?

"A. I'm not sure, I believe he was arrested on Sunday afternoon and the 2nd was a Monday, but I'm not positive.

"Q. I'm talking about the day you questioned him, that was a weekday?

"A. It was during the week.

"Q. A week day?

"A. Yes, sir.

"Q. So Courts were available and open on this day?

"MR. WRIGHT: Your Honor, he has testified that he didn't know exactly what day it was when he was arrested, whether it was Sunday or Monday or what.

"MR. UMBACH: I'm asking about when he questioned him, he was there when he questioned him.

I'm asking him about what day of the week, whether it was a workday and the Courts were open. And he said he was there, I'm not asking when he was arrested.

"MR. WRIGHT: Your Honor, they have gone through all this and of course, it is my position that it is all immaterial as to whether or not he was brought before a Magistrate or not.

"THE COURT: Sustained. The man was indicted. And the Court cites the cases of Braden v. State [,45 Ala.App. 186], 227 So (2) 816, Hn. 1; Ex Parte Flanigan [, 278 Ala. 432], 178 So. (2) 825, Hn. 1; Trammell v. State [, 43 Ala.App. 308], 189 So (2) 760, Hn. 4; cert. stricken, 189 So. (2) 763.

"MR. UMBACH: Your Honor,—

"THE COURT: Also Alabama Digest on Criminal Law, Key [☞] 223; and also those cases around Alabama Digest on Criminal Law, Keys [☞ ☞] 219, 220, 221, 222 and 223.

"Q. Why was he not taken before a Magistrate the next day?

"MR. WRIGHT: Objection.

"THE COURT: Sustained on the authorities the Court has just cited.
* * *"

It is Smith's contention that the court erred in not allowing a complete inquiry into the conditions surrounding the taking of his statement before the jury.

The authorities cited by the trial court hold that after a person has been indicted, failure to bring him before a committing magistrate becomes a moot question. *Trammell*, supra. However, in this case, the issue of whether a preliminary examination was held, concerns an arrest and subsequent questioning on August 1st and 2nd. The defendant was not indicted until September.

■ A confession is not inadmissible solely because it was made after arrest by an officer and before the accused was taken before a committing magistrate. Myhand v. State, 259 Ala. 415, 66 So.2d 544 (1953); Ingram v. State, 252 Ala. 497, 42 So.2d 36 (1949). However, our courts have held that the jury is to consider all of the facts and circumstances surrounding the taking of a confession in determining the weight and credibility that it will give to the confession. Bennett v. State, 46 Ala.App. 535, 245 So.2d 570 (1971); Duncan v. State, 278 Ala. 145, 176 So.2d 840 (1965); Johnson v. State, 242 Ala. 278, 5 So.2d 632 (1941). Whether the defendant was taken before a magistrate in compliance with Title 15, § 160, Code of Alabama 1940, Recompiled 1958, is a relevant factor for the jury to consider in determining the voluntariness of a confession. Davis v. State, 42 Ala.App. 374, 165 So.2d 918 (1964); see cases cited therein.

■ In limiting the cross-examination of Detective deGraffenried the trial court denied defense counsel the right to go into all of the circumstances surrounding the taking of the defendant's confession for the consideration of the jury.

Reversed and remanded.

HEFLIN, C. J., and COLEMAN, BLOODWORTH and JONES, JJ., concur.

MERRILL, HARWOOD, McCALL and MADDOX, JJ., dissent.