290 So.2d 165

Percy Melvin JONES

v.

The STATE of Alabama.

SC 691.

Supreme Court of Alabama.

Feb. 14, 1974.

William T. Kominos, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and J. Parke Keith, Sp. Asst. Atty. Gen., for the State.

FAULKNER, Justice.

Percy Melvin Jones was indicted by the Jefferson County Grand Jury and charged with robbery. He was tried on a plea of not guilty before a jury. Jones was sentenced to 10 years in the State penitentiary. He filed an appeal with the Court of Criminal Appeals. On January 25, 1974, the case was transferred to this court. The questions on appeal are whether Jones' confession was voluntary; the correctness of the trial court on objections to questions propounded by the court; leading questions propounded to State's witnesses; the correctness of the ruling of the trial court on a motion to exclude the evidence.

Jones was charged with robbing The Shoe Bar located at 422 Nineteenth Street, North, Birmingham, Alabama. An employee of the store testified that Jones came into the store and asked her about a shoe at a table. He did not purchase anything and left. Five minutes later Jones returned and the employee told him she was closed. Jones had a brown paper bag in his hand and on it was written a note saying, "This is a stick-up. Put all your money in the bag." Jones pointed a gun at the employee and said to her, "Don't make no foolish mistake." She opened the cash register and Jones took all of the money in it, leaving only the change. Jones left the store. The employee followed him and saw him running down the street. Through an intercom system she notified the proprietor of the store next door of the robbery. He ran outside and saw Jones run past him. The employee of The Shoe Bar shouted, "There he goes, he just robbed me." The police were notified and upon their arrival the employee gave a description of Jones, as being a black male, wearing a yellow shirt and blue pants. The proprietor of the store next door saw Jones enter the Palm Leaf Hotel. He testified that Jones had on a yellow shirt and blue pants. The police found Jones on the third floor of the hotel in a rest room. He was placed under arrest. An officer found the brown paper bag containing $29.00. Jones was taken to City Hall for questioning. After being advised of his constitutional rights, Jones made a statement confessing the robbery.

On voir dire examination out of the presence of the jury, the trial court ruled the confession was voluntarily made. The jury was thereupon brought in and circumstances surrounding the taking of the confession were presented to the jury. It was the laying of the predicate by leading questions as to the voluntariness of the confession that Jones objected to, and to questions by the court along with the admission of the confession. He alleges error in these instances. Jones moved to exclude

the evidence at the conclusion of the trial. His motion was overruled. Jones complains that this was error.

 This court held in Homer Lee Smith v. State, 291 Ala. 507, 282 So.2d 907 (1973) that the jury is to consider all of the facts and circumstances surrounding the taking of a confession in determining the weight and credibility that it will give to the confession. And, it is well settled in this State that before a confession may be admitted into evidence, the State must make a showing to the trial court that the confession was voluntary. The trial court determines whether the confession was voluntary from the evidence addressed to it because prima facie a confession is presumed involuntary. The facts and circumstances attending the taking of the confession in this case are sufficient for the trial court to establish its voluntariness. The weight and credibility of the confession was within the province of the jury.

Whether to allow or disallow leading questions is discretionary with the trial court and except for a flagrant violation will there be reversible error. Anderson v. State, 104 Ala. 83, 16 So. 108 (1893). If justice so requires, the trial court may propound questions to the witnesses. It is the court's duty to do so if justice requires. Franks v. State, 45 Ala. App. 88, 224 So.2d 924 (1968); Register v. State, 19 Ala.App. 11, 94 So. 778 (1922). There was no error in overruling objections to leading questions propounded by the State to its witness in laying the predicate to establish the voluntariness of the confession. There was no error in the court's propounding questions to the State's witness, as the court was trying to determine for himself, in aid of justice, whether the confession was voluntary.

The trial court was correct in overruling the motion to exclude the evidence. The evidence by the State, if believed by the jury, constituted a prima facie case. See Randolph v. State, 100 Ala. 139, 14 So. 792 (1893).

There is no error in the record.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.