299 So.2d 333

**Frankie OTINGER**

**v.**

**STATE.**

**8 Div. 416.**

Court of Criminal Appeals of Alabama.

Aug. 13, 1974.

288

Ronald P. Thompson, Albertville, for appellant.

Arthur B. Briskman, Sp. Asst. Atty. Gen., Mobile, for the State.

CLARK, Supernumerary Circuit Judge.

Appellant-defendant was found guilty by a jury of burglary in the second degree. He was sentenced by the court to imprisonment in the penitentiary for a term of three years. This is an appeal from the judgment of conviction and sentence.

The evidence shows that on the evening of January 9, 1973, the Westside Grocery located in Boaz, Marshall County, was burglarized. Mixed brands of cigarettes, a quantity of gun shells, a cigarette lighter, a quantity of meat and lard, a waffle iron and an electric percolator were taken therefrom. Such evidence constituted proof of the corpus delicti of the count of the indictment upon which the verdict was returned and judgment rendered.

Stevie Hefner, called by the State as a witness, testified that he, appellant-defendant, and another party, identified by him as Roy and otherwise identified as Roy Harvell, broke into the store on the evening involved, with a lug wrench from his car, went inside, took some shot gun shells, a flashlight, eight packs of bacon, some cigarettes, an electric coffee pot and a waffle iron, gathered them all up and took them to his car, hid some of the items at or in a sewer, and Roy carried the waffle iron, the electric coffee pot, some cigarettes and bacon to Roy's house, where they let Roy out. The witness said he stayed all night with Otinger; the next day they returned to Roy's, ate breakfast there eating some of the bacon, at which time the coffee pot was being used; they then went to the sewer or sewer plant, where they had left the shot gun shells and some of the cigarettes and sold the shot gun shells to Donnie Haygood.

A search warrant as to Roy Harvell's house was issued on January 11, 1973, and a quantity of cigarette packs, a waffle iron and an electric percolator were found.

Defendant, while in jail on a charge of violating the prohibition law, was questioned by officers including Chief Kenneth Ritchie of the Boaz Police Department, at which time, according to Chief Ritchie, defendant confessed that he and the others named had burglarized the Westside Grocery on the evening of January 9, stating that they prized the lock off the front door.

Defendant and Roy Harvell, called a witness by defendant, testified that they were not guilty of a burglary and disclaimed any knowledge of it. Defendant also denied that he confessed the burglary as testified by officers, stating that at the time of the claimed confession he was drunk some of the time, but that he could remember some of what he said and that he told them he knew nothing about it.

[1-4] Appellant's insistence on a reversal centers chiefly upon the action of the trial court in admitting in evidence the claimed oral confession of defendant. Through diligent counsel, both on the trial and on appeal, appellant has stoutly urged that the admission of such evidence was violative of defendant's constitutional right of freedom from compulsory self-incrimination, insisting at the same time just as strongly that in fact defendant did not confess the crime. We are impressed with the argument, the evidence upon which it is based, the circumstances as to the question of intoxication of defendant at the time of the claimed confession, but we cannot say that the trial court abused the discretion vested in it in making a determination, based on a large amount of testimony presented

on voir dire examination of several witnesses pro and con on the questions of whether defendant was intoxicated at the time and whether his rights were clearly revealed to him as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694; Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. Appellant's main contention in this respect, as we understand it, is not that there was no evidence sufficient to show that all of defendant's constitutional rights were protected, but that it was either so weak or the testimony otherwise was so strong that the claimed confession should not have been admitted in evidence. The defendant claimed, with evidence of others to corroborate it, that he was furnished malt liquor and gin to drink and that beer was given to Roy Harvell before they were questioned. The seriousness of these charges, which gives us additional pause, seems to have been fully and fairly considered by the trial judge with all other evidence as to the questions of whether defendant had been properly apprised of his right to counsel, whether he had intelligently and knowingly waived his right thereto and whether his confession met all the tests as to voluntariness. We conclude as did the Supreme Court in Jones v. State, 292 Ala. 126, 290 So.2d 165, in speaking through Justice Faulkner as follows:

"This court held in Homer Lee Smith v. State, 291 Ala. 507, 282 So.2d 907 (1973) that the jury is to consider all of the facts and circumstances surrounding the taking of a confession in determining the weight and credibility that it will give to the confession. And, it is well settled in this State that before a confession may be admitted into evidence, the State must make a showing to the trial court that the confession was voluntary. The trial court determines whether the confession was voluntary from the evidence addressed to it because prima facie a confession is presumed involuntary. The facts and circumstances attending the taking of the confession in this case are sufficient for the trial court to es-

tablish its voluntariness. The weight and credibility of the confession was within the province of the jury."

With like impressiveness, appellant's counsel insists that the trial court erred in permitting or refusing to exclude the testimony of Stevie Hefner. Emphasis is laid upon a conflict in the testimony given by Hefner on the trial and a written statement he had previously made in which he had indicated that after the burglary he had taken Roy Harvell and defendant to defendant's house and left them there for the night, while on the trial he testified that he had taken Harvell home and that Harvell entered his home carrying some of the merchandise taken during the burglary. Also, emphasis is placed on testimony of Harvell that he had not been told at any time by a representative of the State or his own attorney that he would be granted probation if he turned State's evidence against the defendant and if the testimony given by him was adequate placed in juxtaposition to testimony of Harvell's attorney on the subject. The testimony of Harvell's attorney was to the effect that he had been offered probation on behalf of Harvell and that there was an understanding between him and the State that Hefner would agree to testify against Mr. Otinger and Mr. Harvell, in return for which he would be allowed to plead guilty and receive two year sentences concurrently in the particular and another case pending against Harvell, with probation to be granted on a two-year basis and that it was indicated by the District Attorney "that before he would give me his final approval on this he wanted to make sure that my client testified as he said he would, or as I said he would."

Even if a definite conflict is to be found between the testimony of Hefner and that of his attorney, and we are not convinced that there is an irreconcilable conflict in the respect discussed, such conflict furnishes no basis for a rejection of the testimony of Hefner. Wall v. State, 2 Ala.App. 157, 56 So. 57. Where a witness

makes contradictory statements as to material facts, the jury may look to such contradictory statements in order to determine what weight they will give to his testimony. Pitts v. State, 140 Ala. 70, 37 So. 101. Testimony of witnesses making previous contradictory statements should be considered in light of explanations and attending circumstances. Tillis v. State, 218 Ala. 527, 119 So. 215. It is not for the trial judge to pass upon the credibility of a witness. This is a function of the jury. Willcutt v. State, 284 Ala. 547, 226 So.2d 328; Felton v. State, 47 Ala.App. 182, 252 So.2d 108.

Criticism is directed at that part of the trial involving some testimony of Chief of Police Kenneth Ritchie, upon one of his recalls as a witness. He had previously testified on cross-examination that he had talked to defendant before the search warrant was issued and that he had talked to Roy Harvell the day after he talked to defendant. Upon being questioned on recall, he said that such statements were incorrect, that he had in fact talked with defendant after the search had been made at the Harvell house and that he talked with Roy Harvell on the afternoon of the day he talked to defendant. No objection was made to any of such testimony, but upon cross-examination defendant moved to exclude the witness' testimony on the ground that he was testifying from records and not from his own personal recollection and that the records were not in evidence and not before the court. On further cross-examination it was shown that the records consisted of the police log and "the files we have where we arrest." On further cross-examination it developed that the witness had talked with another witness, and it appears that the witnesses had been sequestered and directed not to talk with one another. Thereafter motions were made by defendant to exclude the entire testimony of the witness and declare a mistrial, which motions were overruled.

We see nothing erroneous as to the action of the court in the respect noted.

Nor do we see any injury to defendant in the premises. It was obvious that there was an error in time in the previous testimony of the witness, which, in fairness and justice to all concerned, the State and the witness should have been allowed to correct.

As held in Penney v. Warren, 217 Ala. 120, 115 So. 16:

"A witness may refresh his memory by examining a memorandum made by himself, 'or known and recognized by him as stating the facts truly,' when, after such examination, he can testify to the facts as matter of independent recollection; but in such case the memorandum itself is not thereby made evidence in the cause, unless the opposing party calls for it. Acklen's Ex'r v. Hickman, 63 Ala. 494, 35 Am.Rep. 54; Singleton v. Smith, 184 Ala. 199, 63 So. 949. In such a case it is not necessary that the memorandum should have been made by the witness; if, though made by another, the witness himself knows it to be correct, it may be used for refreshment if the witness can then testify from independent recollection. Calloway v. Varner, 77 Ala. 541, 54 Am.Rep. 78. Nor is it necessary that the memorandum should have been made contemporaneously with the transaction, if it was made while the facts were still fresh in the mind of the maker. The use of the memorandum of household goods levied on, with their valuations, by the wife of the defendant in attachment, was well within the rule, and its admission was free from error."

The record does not show that the witness talked with the other witness, Officer Simms, about the case, but if such conclusion is to be reached therefrom, there is nothing to indicate that it affected materially the subsequent testimony of the witness Ritchie. At any rate the action taken by the trial court in overruling the motions was clearly within its discretion. Beddow v. State, 39 Ala.App. 29, 96 So.2d 175, cert. denied, 266 Ala. 694, 96 So.2d 178, cert. de-

nied 355 U.S. 930, 78 S.Ct. 412, 2 L.Ed.2d 414.

Our view of the evidence convinces us that it presented a jury issue as to the guilt of defendant and that the trial court was justified in determining that the verdict was not contrary to the weight of the evidence and in overruling defendant's motion for a new trial.

We have considered the entire record as required by Title 15, § 389, Code of Alabama 1940, and find no prejudicial error therein, and we conclude that the judgment of the trial court should be affirmed.

The foregoing opinion was prepared by Honorable Leigh M. Clark, Supernumerary Circuit Judge, serving as a Judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of this Court.

The judgment is hereby

Affirmed.

All the Judges concur.