I concur in the majority's excellent treatment of the "collateral benefit" rule, but I wish to point out that the Court of Criminal Appeals, on remand, may still determine that the trial court did not err in admitting the confession. The record may contain evidence which would indicate that the defendant's will was not "overborne at the time he confessed." In other words, the record may indicate that the "collateral benefit" rule may not control the question of voluntariness.Jones v. State, 292 Ala. 126, 290 So.2d 165 (1974), cited by the majority, sets out the rule which the Court of Criminal Appeals can use in reviewing the record:
 "This court held in Smith v. State, 291 Ala. 507, 282 So.2d 907 (1973) that the jury is to consider all of the facts and circumstances surrounding the taking of a confession in determining the weight and credibility that it will give to the confession. And, it is well settled in this State that before a confession may be admitted into evidence, the State must make a showing to the trial court that the confession was voluntary. The trial court determines whether the confession was voluntary from the evidence addressed to it because prima facie a confession is presumed involuntary. The facts and circumstances attending the taking of the confession in this case are sufficient for the trial court to establish its voluntariness. The weight and credibility of the confession was within the province of the jury."