The defendant was indicted for the first degree murder of Russell Dewitt McWhorter. A jury found him guilty of murder in the second degree and set punishment at ten years' imprisonment. The first degree murder conviction of George Warren Reese, the principal in this murder, was affirmed by this Court in Reese v. State, Ala.Cr.App., 381 So.2d 107
(1980).
 I
The State's evidence tended to show that at approximately 9:00 on the evening of Friday, January 26, 1979, fourteen year old Carla Reid and her sister, Cindy, arrived at the Cross Roads Club in Jefferson County. Shortly after their arrival Carla met George Warren Reese, whom she had been dating, and the defendant, whom she had met once before. After having a conversation with both men, Carla left for the restroom and then went to the dance floor area alone to listen to the band. During this time, the defendant proceeded to a separate section of the club and played pool.
Russell Dewitt McWhorter engaged Carla in a conversation on the dance floor. With McWhorter was his friend, Kelley Latta. Reese noticed McWhorter and Carla together and apparently became jealous. He took Carla aside and told her that he did not like people talking to her and that he was going to get McWhorter outside and "beat him up". Reese and Carla then walked over to McWhorter, and Reese asked McWhorter if he wanted to go outside and smoke a "joint" of marijuana. After some hesitation McWhorter agreed to go. McWhorter said he was going to get Kelley to come along and Reese left to get "his friend" the defendant. It is undisputed that the defendant heard none of this conversation. *Page 873 
During the time that Reese was gone to get the defendant, Carla advised McWhorter not to go because Reese wanted to fight. McWhorter replied that he was aware of Reese's intentions but that he was "going to beat his (Reese's) butt".
McWhorter, Latta, Reese, and the defendant left the Cross Roads Club in the defendant's automobile at approximately 10:30 P.M. The defendant drove to the end of a street suggested by Latta. Behind the automobile the four men gathered and smoked marijuana. There was no conversation during this time. Latta noticed that Reese kept slipping his hand in and out of his right front pocket.
After approximately ten to fifteen minutes, Reese looked at the defendant and said, "Are you ready?" The defendant answered, "Any time." A few seconds passed and Reese struck McWhorter "right square in the chest". As McWhorter fell to the ground Reese turned to look at Latta who immediately started running up the street. Latta heard a voice behind him "holler out something about you can't run from a .38". Latta then ran up onto a lighted porch of a house and turned around to see a figure out in the street. He could see the clothes but not the face. Latta identified that figure as the defendant based on the clothes and the sound of the voice. Latta ran into the house and asked the occupants to call the police. Birmingham police officers and an ambulance arrived on the scene between 11:30 P.M. and 12:00 midnight. McWhorter was dead from multiple stab wounds when they arrived.
On cross examination, defense counsel revealed some contradictions in Kelley Latta's testimony at the preliminary hearing and his testimony at trial. At the preliminary hearing Latta testified that the time interval between the words "are you ready" and "any time" and the stabbing of McWhorter was approximately two minutes. At trial Latta stated that he had later clocked the time closer to 40 to 45 seconds. Also at preliminary hearing Latta testified that Reese was the one who chased him and not the defendant.
Officers George L. Cooley and Charles M. Melton, of the Birmingham Police Department, acting on descriptions given by Latta, arrested Reese and the defendant at the Cross Roads Club late Saturday night January 27, 1979. The defendant gave a statement to Officer Melton denying any involvement in or knowledge of McWhorter's murder. He stated that he and Reese last saw McWhorter and Latta at the Super Cellar (Roebuck Eight Theatre and Disco) in Roebuck Shopping Center after riding around. They let McWhorter and Latta out in the parking lot and watched them get into an automobile with unknown individuals and drive off.
At this point the State rested its case. Defense counsel entered a motion to exclude the evidence for failure of the State to show "any participation, involvement, aiding, abetting or assisting or otherwise encouraging the actual perpetrator of this crime on the part of the defendant". The trial judge correctly denied this motion. An aider or abettor in the commission of a felony must be tried as a principal. Alabama Code 1975, Section 13-9-1.
 "Although a community of purpose on the part of the conspirators to act criminally must exist at the time the crime was committed, such combination may be formed in a flash. It need not be shown that the specific act complained of was by prearrangement. Ray v. State, 32 Ala. App. 556, 28 So.2d 116."
* * * * * *
 "`. . . [T]he responsibility for incidental and often for accidental results broadens with the magnitude or heinousness attached to the unlawful act specifically agreed to be perpetrated. This is upon the principle that every one is presumed to intend, and therefore must be held responsible for, the natural and probable consequences of his own acts. It necessarily follows that, where one person combines with another to do an unlawful act, he impliedly consents to the use of such means by his confederate as may be necessary or usual in the successful *Page 874 
accomplishment of such an act. The more flagrant and vicious the act agreed to be done, the wider is the latitude of the agency impliedly conferred to execute it.'
 "Participation and community of purpose may be shown by circumstantial evidence or inferred from the conduct of the participants. Appellant's complicity is a question for the jury. Skumro v. State, 234 Ala. 4, 170 So. 776; Pearce v. State, 4 Ala. App. 32, 58 So. 996."
* * * * * *
 ". . . . Such facts as his presence in connection with his companionship, his conduct at, before, and after the commission of the act, are potent circumstances from which participancy may be inferred."
 Smith v. State, 57 Ala. App. 151, 156-7, 326 So.2d 680, 685, cert. denied, 295 Ala. 419, 326 So.2d 686
(1976).
In Conley v. State, 354 So.2d 1172, 1177 (Ala.Cr.App. 1977), this Court stated:
 ". . . Any word or act contributing to the commission of a felony, intended and calculated to incite or encourage its accomplishment, brings the accused within the statute that makes each person concerned in the commission of a felony, directly or indirectly, a principal . . ."
The defendant was with the man who actually murdered McWhorter a significant time before, during and after the actual act of killing. Other circumstances from which the jury could reasonably infer guilty participation by the defendant in this senseless murder are (1) the defendant's response of "Any time" when Reese asked, "Are you ready?" made immediately before the stabbing, (2) Latta's identification of the defendant as the one who chased and threatened him, and (3) the defendant's denial of any involvement in the murder of McWhorter and his fabricated statement to Officer Melton. Cumbov. State, 368 So.2d 871 (Ala.Cr.App. 1978), cert. denied,368 So.2d 877 (Ala. 1979); Kimmons v. State, 343 So.2d 542
(Ala.Cr.App. 1977).
The trial testimony of Kelley Latta contradicted and was inconsistent with his statements at the preliminary hearing. The effect of contradictory and inconsistent statements goes to the credibility of the witness and is a question for the jury.Jones v. State, 145 Ala. 51, 40 So. 947 (1906); Otinger v.State, 53 Ala. App. 287, 299 So.2d 333 (1974); Lewis v. State,44 Ala. App. 319, 208 So.2d 228 (1968).
The evidence for the defense conflicted with that presented by the State. The defendant took the witness stand and denied replying "any time" in response to Reese's "Are you ready?" He claimed that it was Reese who chased after and threatened Kelley Latta. The defendant denied any involvement in the actual murder and claimed that he had no prior knowledge that Reese was going to kill McWhorter. He stated that he had no choice but to leave the scene of the crime with Reese although he admitted that Reese never threatened him. His testimony revealed that he was only an accessory after the fact but not before.
The testimony is in direct conflict as to whether the defendant was an accomplice of George Warren Reese in the actual murder. Where the evidence is conflicting and is susceptible to different inferences, a jury question is present. Jacks v. State, 364 So.2d 397 (Ala.Cr.App.), cert. denied, 364 So.2d 406 (Ala. 1978). When a prima facie case has been proven, conflicting evidence always presents a question for the jury. May v. State, 335 So.2d 242 (Ala.Cr.App. 1976);Jones v. State, 54 Ala. App. 251, 307 So.2d 59 (1975). Therefore, the defendant's request for the affirmative charge and motion for a new trial were properly overruled and denied.
 II
During the presentation of the State's case the prosecuting attorney elicited testimony from witness Carla Reid concerning events which occurred after the charged homicide. This testimony revealed that George Warren Reese and the defendant double-dated with Carla and her sister the night after the murder. During the course *Page 875 
of the night they were thrown out of one night club because Reese got into a fight. They eventually ended up at the Cross Roads Club where Reese and the defendant were arrested. The defendant contends that this evidence was highly prejudicial and totally irrelevant to the crime charged.
During the trial, defense counsel made only one objection to this testimony.
 "MR. NEWSOM (Defense Counsel): Your Honor, I am going to object as to the events occurring on Saturday night unless the prosecutor shows how they have a bearing on the case.
 "MR. BARBER (Deputy District Attorney): Well, it will, but it is going to take a minute to get there.
"THE COURT: All right."
This was a conditional objection. No adverse ruling had been obtained at this point. There is nothing in the record to indicate any further objection on this issue. In addition these events were brought out by the defendant in greater detail during his own testimony. Our review on appeal is limited to matters on which rulings have been invoked at trial court.Frazier v. State, 53 Ala. App. 492, 301 So.2d 256 (1974). Moreover, any indications of a consciousness of guilt, however minute or insignificant they may be, are admissible against a defendant if they tend to elucidate the transaction. McAdory v.State, 62 Ala. 154 (1878). Generally it is permissible to show the whereabouts of the defendant both prior and subsequent to the commission of the offense to the time of his arrest.Clifton v. State, 359 So.2d 853 (Ala.Cr.App. 1978).
 III
The defendant alleges that the trial court committed reversible error in refusing twenty-two of the sixty-one written charges he requested. While most of these charges contained correct principles of law, their refusal was proper. Some of the refused requested charges were fairly and substantially covered either in the court's oral charge or in the requested charges given. For that reason their refusal was not error. Kennedy v. State, 291 Ala. 62, 66, 277 So.2d 878
(1973); Harris v. State, 371 So.2d 979, 981 (Ala.Cr.App.), cert. denied, 371 So.2d 984 (Ala. 1979). Other charges were incomplete or contained misspelled words and were properly refused for these reasons. Bascom v. State, 344 So.2d 218, 222
(Ala.Cr.App. 1977); Mincey v. State, 247 Ala. 665, 666,25 So.2d 777 (1946); Reeder v. State, 210 Ala. 114, 119, 97 So. 73
(1923); Johnson v. State, 133 Ala. 38, 43, 31 So. 951 (1901). None of the refused requested charges which were not covered in the court's oral charge were hypothesized on a "belief from the evidence" and were consequently properly refused. Thompson v.State, 369 So.2d 50 (Ala.Cr.App.), cert. denied, 369 So.2d 52
(Ala. 1979). Statements of law in judicial opinions are not always proper for jury instructions in other cases. Knight v.State, 273 Ala. 480, 490, 142 So.2d 899 (1962).
We have searched the record for error as required by statute and found none. The judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.