This is an action by an insured upon a policy of hospital insurance. Defendant, insurer Blue Cross, defended the action claiming benefit of provision in the policy which excluded benefits when a hospital admission was determined by the insurer not to have been "medically necessary." At the close of testimony before a jury, the court, upon motion of defendant, ordered a directed verdict and judgment in favor of defendant. Plaintiff appeals. We reverse.
The only issue presented is whether the court erred in directing a verdict for defendant because the evidence was conclusive that the hospitalization of plaintiff was not "medically necessary" and the exclusion in the policy barred recovery.
The issue of whether the hospitalization of plaintiff was "medically necessary" was a question of fact. Such question must be presented for determination of the jury if the evidence, or any reasonable inference arising therefrom, furnishes the slightest gleam, glimmer, spark or scintilla in support of the theory of the complaint. Alabama Power Co. v.White, 377 So.2d 930 (Ala. 1979). When considering the motion for directed verdict, the tendencies of the *Page 782 
evidence are viewed most favorably for the opposing party.McAllister v. Lankford Investigators, Inc., 380 So.2d 299 (Ala. 1980).
With these principles in mind, we have carefully reviewed the evidence and find it tends to show the following:
Plaintiff, having been released from a period of hospitalization only six days before, suffered a blackout and a fall. She fell across a coffee table while alone at night. The next day she went to the emergency room of the hospital where her physician found her to have recently fractured lumbar and sacral vertebrae and her pubis ramus. She was in much pain and unable to bear her weight without crutches. Her physician knew from his past attendance that plaintiff had weak bones, "osteoporosis," and a nervous problem causing blackouts. She had had previous falls and fractures. He knew or was told that she had no one to care for her at home. She did not request hospitalization. Plaintiff's physician admitted her to the hospital and prescribed specific courses of medication and treatment.
Plaintiff suffered much pain for which she was given medication. She was confined to bed and given a regimen of physical therapy and exercise to relieve pain and strengthen her body. Her physician visited her twice each day, checking her condition and entering additional daily orders for her care and treatment. She remained in the hospital for more than two weeks and was released upon the order of her physician. She filed her claim for insurance benefits. The physician filed a claim for his services. A portion of plaintiff's claim was paid. The claim of the physician was paid. Subsequently, the physician was notified by defendant to return his payment and he did. Plaintiff, after several inquiries about payment, was notified her claim was denied because of policy exclusions.
The physician testified that though he admitted plaintiff to the hospital and kept her there for two weeks, he did not consider such hospitalization "medically necessary." He said that she could have stayed at home if she had someone to care for her, and he admitted her because he knew, or she told him, she had no one at home to care for her.
Defendant, in support of the motion for directed verdict and in argument here, contends that the opinion of the physician that the hospitalization was not "medically necessary" was without conflict and conclusive because of its expert nature.
Plaintiff contended below and contends here that the testimony of the physician is in fact contradicted by his own objective findings, diagnosis, prescribed treatment and medication and the undisputed physical condition of the plaintiff.
We agree with plaintiff. It has been held that a conflict sufficient to require submission of factual issue to the jury may be presented by the testimony of the same witness. Huff v.Vulcan Life and Accident Insurance Co., 281 Ala. 615,206 So.2d 861 (1968); Martin v. Auto-Owners Ins., 57 Ala. App. 489,329 So.2d 547 (1976). Indeed, in view of the uncertainty and ambiguity inherent in the phrase "medically necessary," VanVactor v. Blue Cross Assoc., 50 Ill. App.3d 709, 365 N.E.2d 1638
(1977), it would appear that the fact of admission under the circumstances of this case presents a scintilla that it was "medically necessary." The argument of insurer that the opinion of the physician made subsequent to his order of admission should be conclusive on the trier of fact, presents an anomaly, when compared with the terms of the policy. Immediately following the exclusion, in large black print enclosed in a black box, the policy states the following: "The fact that a physician may prescribe, order, recommend or approve a service or supply does not, of itself, make it medically necessary. . . ." It is further to be noted that the exclusion states that what is "not medically necessary" is a matter for the judgment of the insurer. It appears that the order or acts of the physician are not conclusive upon the factual issue of medical necessity insofar as the insurer is concerned, but his testimony of non-medical necessity as a witness for the insurer must be accepted as conclusive by the jury. *Page 783 
Defendant and the physician submit that plaintiff was admitted to the hospital because she had no one at home to care for her and thus there was no "medical necessity." It appears a reasonable inference that the opposite should be true — i.e., it was "medically necessary" to admit her to the hospital because she had injuries which required medication, treatment and bedrest, and she had no means of obtaining such treatment except by hospitalization.
Black's Law Dictionary, 5th ed., says of the word "necessary":
 This word must be considered in the connection in which it is used, as it is a word susceptible of various meanings. It may import absolute physical necessity or inevitability, or it may import that which is only convenient, useful, appropriate, suitable, proper, or conducive to the end sought.
It is our opinion that the term "medically necessary" is broad, ambiguous, and susceptible to various meanings. It therefore must be construed most favorably for the insured. EmployersInsurance Company of Alabama v. Jeff Gin Co., 378 So.2d 693
(Ala. 1979). Its meaning cannot be said to be solely dependent upon expert medical testimony. We find that the evidence, with its reasonable inferences, when considered most favorably to plaintiff, presents at least a scintilla, contrary to the statement of the physician that plaintiff's hospitalization was not "medically necessary." The trial court erred in directing a verdict for defendant.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.