The defendant was indicted and convicted for kidnapping in the first degree (Alabama Code Section 13A-4-43 (a)(4) (1975)) and robbery in the first degree (Alabama Code Section 13A-8-41
(1975)). Sentences were twenty years' and twenty-five years' imprisonment, respectively, with the sentences *Page 1145 
to run concurrently. Two issues are argued on appeal.
 I
The defendant contends that it was error for the trial judge to deny his requested motion for a mistrial after the victim had testified, over objection, in the trial for robbery and kidnapping that she had been raped when she had given contradictory testimony denying any form of sexual abuse at the preliminary hearing.
The defendant was indicted for robbery and kidnapping. The indictment for kidnapping charged an abduction of the victim "with the intent to inflict physical injury upon her, or to violate or abuse her sexually." On cross examination of the victim by defense counsel, the victim testified that at the preliminary hearing she did testify that the defendant did not strike or hurt her physically "in any way." The victim testified, in explanation, that at the preliminary hearing she "didn't feel like . . . (she) had to talk about that (rape) in front of all those people." The defendant argues that he was denied his right to be apprised of the nature and cause of the accusations against him because the victim committed perjury at the preliminary hearing.
The victim testified that on the evening of December 23, 1980, the defendant abducted her at gunpoint from the parking lot of T.P. Crockmier's Lounge in Mobile. He forced her into her car, robbed her, and drove away from the parking lot. The defendant stopped the car and raped the victim in the back seat. Apparently, upon prearrangement an individual named Mike got in the car and drove it away. After they had driven around, Mike got out of the car. Later, the defendant got out and the victim drove home.
Evidence of the rape was properly admitted in the defendant's trial for kidnapping and robbery because all three crimes were parts of one continuous criminal transaction. The rape was inseparably connected with and was a part of the res gestae of the robbery-kidnapping charges. C. Gamble, McElroy's AlabamaEvidence, Section 69.01 (3) (3rd ed. 1977). "Everything constituting the one continuous transaction is admissible as of the res gestae. No matter how many distinct crimes may be involved, all the details of the one continuous criminal occurrence or adventure may be considered by the jury in passing upon the culpability, the wickedness, and the depravity of the crime for which the party is being tried." Jackson v.State, 229 Ala. 48, 50, 155 So. 581 (1934). Jackson involved a prosecution for robbery where the court properly admitted details of the defendant's assault with intent to ravish the victim of the robbery. See also Wilson v. State, 268 Ala. 86,105 So.2d 66 (1958) (In robbery prosecution, victim properly allowed to testify that after defendant robbed her he attempted to rape her); Beckley v. State, 357 So.2d 1022 (Ala.Cr.App. 1978) (rape conviction admissible in robbery prosecution).
The fact that the victim did not testify to the rape at the preliminary hearing did not deny the defendant his right to be apprised of the nature and cause of the accusations against him. These were clearly set forth in the indictments.
Although the victim testified at the preliminary hearing that the defendant did not "strike or hurt" her "physically in any way", the evidence does not indicate that she intentionally committed perjury. Apparently, she was not specifically asked if she was sexually abused. The defendant's remedy for this contradictory and misleading testimony is found in cross examination and impeachment and not in a mistrial. A witness may properly be impeached by contradictions between his testimony at trial and his testimony at the preliminary hearing. Pearce v. State, 226 Ala. 436, 438, 147 So. 617
(1933); Morris v. State, 124 Ala. 44, 46, 27 So. 336 (1900);Populus v. State, 48 Ala. App. 686, 688, 267 So.2d 477 (1972). Even where a witness is impeached by proof of contradictory statements, the effect of the contradictory statements on the witness's credibility is for the jury. Jones v. State, 145 Ala. 51,53-4, 40 So. 947 (1906); Magro v. State, 384 So.2d 871, 874
(Ala.Cr.App.), cert. denied, Ex parte Magro, 384 So.2d 875
(Ala. 1980). *Page 1146 
 II
After the jury had been deliberating, it questioned the trial court if it had "the option of any recommendations as far as leniency or anything of this nature." The trial judge answered:
 "Well, such a recommendation is not binding upon the Court in any way. I want you to understand that. Certainly I am not going to tell you that I don't want to hear what your recommendation is, should you want to state it or express it to me. And if you do, why don't you just write it on a piece of paper rather than on the indictment, and write the form of the verdict on the back of the indictment."
Although the jury found the defendant guilty as charged, it "recommend(ed) leniency for the defendant because of his previous record."
The defendant argues that the judge's statement to the jury "indicated a definite interest in knowing their recommendation" and "led the jury to believe in the importance of their recommendation by telling them that it should be reduced to writing." The defendant then argues that these actions had "the obvious effect of lessening the importance of the Jury's decision by allowing them to surmise that such a recommendation will probably lead to probation or a very light sentence, and therefore, an incorrect verdict would be of little import."
First, we note that defense counsel made no objection at any time to the trial judge's instructions on leniency. This issue is presented for the first time on appeal and is therefore not properly preserved. Allen v. State, 414 So.2d 989 (Ala.Cr.App. 1981), affirmed, Ex parte Allen, 414 So.2d 993 (Ala. 1982). The proper method would have been for the defense attorney to ask to have the jury polled at which time he could have asked if each would have voted the same if the judge had instructed them that their recommendation was not a subject for their consideration. Crutcher v. State, 55 Ala. App. 469, 473,316 So.2d 716 (1975).
Generally, if the jury, without statutory authority, makes a recommendation for clemency or leniency, it does not invalidate the verdict and it may be disregarded by the trial judge in imposing sentence. Cook v. United States, 379 F.2d 966 (5th Cir. 1967); McLeod v. State, 383 So.2d 207 (Ala.Cr.App. 1980);Gentry v. State, 344 So.2d 1246, 1248 (Ala.Cr.App.), cert. denied, Ex parte Gentry, 344 So.2d 1249 (Ala. 1977); Crutcherv. State, 55 Ala. App. at 472-73, 316 So.2d 716. Upon these authorities, the defendant's argument is without merit.
The trial judge instructed the jury that their recommendation was not binding upon him "in any way." The record does not support even an inference that "the jury might possibly have held otherwise if any juror had known the recommendation of leniency would have had no effect." Crutcher,55 Ala. App. at 472, 316 So.2d 716. Error is not presumed on appeal and this Court will not reverse a conviction where the alleged error is founded on bare suspicion and surmise.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.