80 So.2d 247

**Alto C. WATKINS et al.**

v.

**Grover KELLEY.**

**4 Div. 800.**

Supreme Court of Alabama.

Jan. 20, 1955.

Rehearing Denied May 19, 1955.

John W. Gibson, Walter R. Byars, Troy, Joe C. Cassady, Enterprise, J. C. Fleming, Elba, for appellants.

Calvin Poole, Greenville, Sentell & Turner, J. O. Sentell, Jr., Luverne, for appellee.

SIMPSON, Justice.

This is an appeal from final judgment and a ruling on the motion for a new trial. Appellee moves to strike the reporter's transcript on the ground that it was filed too late. The appeal was taken on June

12, 1954. The transcript was filed with the clerk on September 28, 1954. Movant contends that there is a conflict between Supreme Court Rule 48, Code 1940, Tit. 7 Appendix and Act No. 886, General Acts of Alabama 1951, p. 1527. If such conflict exists, the act of the legislature must control such a status. Ex parte Foshee, 246 Ala. 604, 21 So.2d 827.

■ Transcripts of the evidence were first provided for by Act No. 461, General Acts of Alabama 1943, p. 423. This act made no mention as to the time for filing transcripts except § 4, which read:

"The transcript of evidence or statement in lieu thereof shall be approved by the trial judge and filed with the Clerk within ninety days after date of trial or date of trial court's ruling on motion for new trial."

Supreme Court Rule 48 was promulgated to implement and make workable Act No. 461. In 1945 the legislature passed a bill, Act No. 382, General Acts of Alabama, 1945, p. 567, regulating the time for filing transcripts and the rulings of trial courts on exceptions filed thereto. This act was declared unworkable and void by this court in Dewrell v. Kearley, 250 Ala. 18, 32 So. 2d 812. Since this act was void, it was stated that Act No. 461 and Supreme Court Rule 48 still governed.

The legislature next passed Act No. 886, General Acts of Alabama 1951, p. 1527. This act is now codified as Title 7, § 827(1) et seq., Code of 1940, Pocket Part. This act regulates fully the matter of time of filing transcripts and time for securing the trial court's ruling on exceptions to the transcript. Particularly it is noted that each of these time periods may be extended by the trial court on good cause shown. §§ 2 and 6, Act No. 886, supra. Rule 48 does not provide for a definite time within which the party appealing shall make known to the reporter his desire for a transcript. Act No. 886 provides that it must be done within five days after perfecting the appeal. Rule 48 requires that the transcript be filed with the clerk within seventy days from the date of trial or date on which a motion for new trial shall have been acted upon by the court. Act No. 886 provides that the

transcript must be filed with the clerk within sixty days from the taking of the appeal. Rule 48 provides for discretion to be exercised by this court in determining whether or not transcripts filed late should be considered. Act No. 886 provides that the trial court may extend the time for filing the transcript on good cause shown. Thus it will be seen that not only do the two provisions cover the same subject matter, but they are conflicting in their terms and mutually exclusory in their effects. As stated, in such a situation the act of the legislature must pervail and of consequence Supreme Court Rule 48 does not control.

■ Appellant submits affidavits to this court showing an excuse for not having the transcript filed on time. It cannot be considered. Such information should have been imparted to the trial court in an application for an extension of time.

It results, therefore, that the motion to strike the transcript of evidence must be granted.

■ As there are no assignments of error with respect to the record proper, the cause must be affirmed. So ordered.

Motion granted and judgment affirmed.

LIVINGSTON, C. J., and GOODWYN and MAYFIELD, JJ., concur.