191 So.2d 220

**Willie UNDERWOOD**

**v.**

**Loy Linton BRANTLEY.**

**6 Div. 322.**

Supreme Court of Alabama.

Oct. 20, 1966.

Brobston & Brobston, Bessemer, for appellant.

Huey, Stone & Patton, Bessemer, for appellee.

LIVINGSTON, Chief Justice.

This appeal is from a verdict and judgment for the defendant in the Circuit Court of the Tenth Judicial Circuit, Bessemer Division, in an action brought by the father for the death of his infant son, about 2½ years old. Title 7, Sec. 119, Code 1940 (Re-compiled in 1958). The death of the infant was caused by being run over by an automobile which the defendant was driving. The complaint contained one count for simple negligence. The defendant entered a plea in short by consent, with leave, etc. Appellant's motion for a new trial was overruled on March 18, 1966. This appeal was perfected on March 31, 1966. The transcript of the evidence was filed in the circuit court on May 31, 1966. The defendant filed a motion to strike the evidence because not timely filed. The cause was submitted here on the motion and on the merits. This motion is supported by an affidavit of the Deputy Clerk of the Tenth Judicial Circuit Court, Bessemer Division, to the effect that his office was open for business all day on May 30, 1966.

The motion to strike the evidence must be granted.

In the case of Watkins v. Kelley, 262 Ala. 524, 80 So.2d 247, the appeal was taken on June 12, 1954, and the transcript of the evidence was filed in the lower court on September 28, 1954, this Court said:

"The legislature next passed Act No. 886, General Acts of Alabama 1951, p. 1527. This act is now codified as Title 7, § 827(1) et seq., Code of 1940, Pocket Part. This act regulates fully the matter of time of filing transcripts and time for securing the trial court's ruling on exceptions to the transcript. Particularly it is noted that each of these time periods may be extended by the trial court on good cause shown. §§ 2 and 6, Act No. 886, supra. Rule 48 does not provide for a definite time within which the party appealing shall make known to the reporter his desire for a transcript. Act No. 886 provides that it must be done within five days after perfecting the appeal. Rule 48 requires that the transcript be filed with the clerk within seventy days from the date of trial or date on which a motion for new trial shall have been acted upon by the court. Act No. 886 pro-

vides that the transcript must be filed with the clerk within sixty days from the taking of the appeal. Rule 48 provides for discretion to be exercised by this court in determining whether or not transcripts filed late should be considered. Act No. 886 provides that the trial court may extend the time for filing the transcript on good cause shown. Thus it will be seen that not only do the two provisions cover the same subject matter, but they are conflicting in their terms and mutually exclusory in their effects. As stated, in such a situation the act of the legislature must prevail and of consequence Supreme Court Rule 48 does not control.

"2. Appellant submits affidavits to this court showing an excuse for not having the transcript filed on time. It cannot be considered. Such information should have been imparted to the trial court in an application for an extension of time."

■ Appellant tacitly admitted that the last day on which the transcript of the evidence could be filed in the lower court expired on May 30, 1966, but he argues that that date was a legal holiday, National Memorial Day, and he had until the 31st day of May, 1966 in which to file the transcript of evidence. This argument is untenable because National Memorial Day in Alabama is not a legal holiday. See Sec. 12, Title 1, and Sec. 184, Title 39, Code 1940 (Recompiled in 1958).

With the evidence stricken, we have nothing before us for consideration except the record proper. Sec. 273, Title 7, Code 1940 (Recompiled in 1958), provides that requested written charges, either given or refused, and the court's oral charge to the jury, become a part of the record proper.

■ There are 8 assignments of error. Assignment of Error 1 is based on the trial court's overruling appellant's motion for a new trial. Six of the assignments rely for reversal on the giving of 6 written charges for the defendant. One assignment relies on an exception to a part of the court's oral charge to the jury.

The 6 written charges above referred to hypothesize the evidence, and with the evidence stricken, there is nothing for this Court to review, therefore, these assignments are without merit.

■ Appellant reserved an exception to that part of the oral charge which recites:

"Now, gentlemen, when a person is cast or finds himself in a state of sudden emergency, he is not required by the law to exercise the same degree of care that he would otherwise be required to exercise when he was given an opportunity to deliberate or think or consider, but if he is cast into a sudden emergency, then this law simply requires that he do everything that a reasonable and prudent person would have done to prevent injury or damage to another person, because the law recognizes that a man is a human being and we do not all act with the same circumspection when we are cast into a situation of suddenness as we do when we have time to deliberate and reflect on the circumstances."

The most that can be said against this charge, if anything, is that it is abstract or misleading. The appellant did not ask for an explanatory charge and the giving of that part of the oral charge stated above was not error to reverse.

Finding no error in the record, the case is affirmed.

Affirmed.

SIMPSON, MERRILL and HARWOOD, JJ., concur.