222 So.2d 710

**Eulice GRIFFIN**

v.

**STATE of Alabama.**

5 Div. 850, 850–A.

Supreme Court of Alabama.

May 8, 1969.

Russell, Raymon & Russell, Tuskegee, for appellant.

MacDonald Gallion, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

LAWSON, Justice.

On October 31, 1966, a jury of Macon County found Eulice Griffin guilty of murder in the second degree in two cases which were tried together, the killings having occurred at the same time. The jury fixed Griffin's punishment in Circuit Court Case 1458 at imprisonment in the State penitentiary for a period of thirty-five years and fixed his punishment in Case 1459 at imprisonment for twenty-five years. Judgments were entered in accord with the jury verdicts and Griffin was duly sentenced on the same day, namely, October 31, 1966. Immediately after the sentences were imposed, the defendant

gave notices of appeal and requested that the sentences be suspended pending appeal. The trial court ordered that the sentences be suspended pending the appeal and fixed bail in the sum of $15,000 in each case.

Griffin was represented at all critical stages of the trial by employed counsel, the Honorable W. M. Russell, Jr.

On November 22, 1966, Mr. Russell, on behalf of Griffin, filed a motion seeking a new trial in each case. The motion seeking new trials was denied by the trial court on December 1, 1966.

On December 9, 1966, Griffin signed a petition asking that he be declared to be an indigent and that the court order the court reporter to furnish Griffin a free transcript of the evidence and the circuit clerk to furnish Griffin a free transcript of the record. There was no request for the appointment of counsel to represent Griffin on appeal.

On December 19, 1966, all of the relief sought by Griffin in the petition filed on December 9, 1966, was granted. Act 525, approved September 16, 1963, Acts of Alabama 1963, Vol. 2, p. 1129. See 1967 Cum. Pocket Part to Vol. 5 of the 1958 Recompiled Code of Alabama, where the provisions of Act 525, *supra*, are designated as §§ 380(14)–380(25), Title 15.

On December 19, 1966, the following order or judgment was entered:

"Defendant having failed to make bond since the Judgment of this Court dated October 31, 1966, it is Ordered, Adjudged that the defendant be transferred from the Macon County Jail to the Penitentiary of the State of Alabama to commence serving his sentence in this case. His Solicitor of Record, Hon. William M. Russell, Jr. concurs with this order."

On April 13, 1967, the transcript of the record was filed in the office of the clerk of this court.

After the transcript of the record was filed here, the then deputy clerk of this court called to the attention of the trial court that, although Griffin had been found to be an indigent, counsel had not been appointed to represent him on appeal. Thereafter, on April 21, 1967, the trial court appointed Mr. W. M. Russell, Jr., to represent Griffin in this court. As heretofore shown, Mr. Russell had represented Griffin in the trial court as employed counsel.

On May 29, 1967, Mr. Russell, on behalf of Griffin, filed in this court motions to dismiss the appeals without prejudice. The motions alleged in effect that the transcript of the evidence was not filed by the court reporter with the circuit clerk of Macon County until after the expiration of sixty days from the date of the ruling on the motion for a new trial. The said motions concluded as follows: "Therefore, in order that Defendant may correctly prosecute an appeal to this Honorable Court, the Defendant moves that his appeal in this cause be dismissed without prejudice."

The two motions were presented to four members of this court on May 30, 1967, and on that date the following order was entered on each motion: "Since a free transcript is involved the motion is granted." Thereafter, probably on May 30, 1967, Griffin filed in the Circuit Court of Macon County a notice of appeal from the judgments entered by the trial court in Cases 1458 and 1459 and from the judgment or judgments of the trial court overruling the motion for a new trial.

On June 22, 1967, a petition signed by Griffin was filed in the Circuit Court of Macon County wherein he averred that he was without sufficient funds with which to pay the court reporter all of his lawful fees for transcribing the evidence and other proceedings had in the trial of the two cases, or the funds with which to pay the circuit clerk for preparing the record. The said petition prayed in effect that the trial court enter an order requiring the court reporter to furnish Griffin a free transcript of the evidence and an order re-

quiring the circuit clerk to furnish a transcript of the record without cost to Griffin.

On July 11, 1967, the trial court entered an order denying the relief sought by Griffin in his petition filed on June 22, 1967, on the ground that "petitioner's attempted second appeal in these two cases comes too late."

On July 15, 1967, Mr. Russell, Griffin's appointed counsel, filed on Griffin's behalf a notice of appeal from the judgment of the trial court entered on July 11, 1967, denying the petition filed by Griffin on June 22, 1967. The concluding paragraph of the last-mentioned "Notice of Appeal" reads as follows:

"The premises considered, your Defendant, Eulice Griffin, prays that Honorable L. J. Tyner, the trial Judge, will cause to be certified and transmitted to the Supreme Court of Alabama the file of the trial court in said proceedings to obtain a transcript and record including the said Petition filed on June 22, 1967 and reports made in writing to the court, the Court reporter's estimate of the cost of the transcript, the estimate of the Clerk of his fees incident to an appeal, a certified copy of the order entered by the trial court and any other relevant papers pertaining to this appeal."

On July 24, 1967, the trial court had entered an "Order Providing for Appeal Pursuant to Section 380(22), Title 15, 1940 Code, Supp., from Order of This Court Dated July 11, 1967." Included in the order of July 24, 1967, is a statement of the trial court made for the purpose of supplying this court with dates which were thought to be necessary for a determination of the appeal by this court.

In the order of July 24, 1967, it is made to appear that the trial court denied the prayer of the petition filed by Griffin on June 22, 1967, because the second appeal or appeals were not timely taken and because the petition of June 22, 1967, sought the identical relief which had theretofore been

sought by Griffin's petition of December 9, 1966, which relief had been granted by the trial court on December 19, 1966.

The said order of July 24, 1967, contains the following language:

"The further reason for this Court denying the duplicate relief sought by the petition of June 22, 1967 is that there is nothing in Sections 380(14)–380(25), Title 15, 1940 Code, Supp., which provides for or authorizes this Court to duplicate the relief already granted by the Court and again (1) order the court reporter to prepare a second transcript of the evidence, (2) order the clerk to prepare a second record for appeal, (3) order the court reporter to prepare a second estimate for transcript of evidence, (4) order the clerk to prepare a second estimate of costs of transcript, and (5) order or authorize the State of Alabama to pay the Court Reporter and Clerk, respectively, for their services."

As heretofore indicated, the said order of July 24, 1967, granted to Griffin the right to appeal from the order and judgment of July 11, 1967, under and pursuant to "Section 380(22), Title 15, 1940 Code, Supp." and the clerk of the circuit court was ordered to certify and transmit to this court certain described parts of the files in the two cases involved. The circuit clerk has complied with that order and has certified to this court the designated parts of the files. The matters certified by the clerk of the Circuit Court of Macon County were filed in this court on August 3, 1967. On May 13, 1968, Mr. Russell, as counsel for Griffin, filed a brief on his behalf.

On May 28, 1968, the Attorney General filed a motion asking that the time for filing a brief on behalf of the State be extended. We granted that petition and gave the State until June 14, 1968, to file its brief. But no brief was filed by the State within that time and the cause or causes were submitted in this court on June 19,

1968. No brief has yet been filed on behalf of the State.

Our order of May 30, 1967, was apparently entered because it was made to appear that the reporter's transcript of the evidence had not been filed within sixty days after the motion for new trial was overruled and Griffin, who had been declared an indigent, was without counsel during at least a part of that sixty-day period, during which an extension of time for filing the court reporter's transcript of the evidence could have been requested. The pertinent legislative enactments are set forth in the 1958 Recompiled Code of Alabama as §§ 827(1) and 827(4) of Title 7. See Albert v. State, 274 Ala. 579, 150 So. 2d 198.

It is apparent from reviewing the proceedings in the Macon County Circuit Court following our order of May 30, 1967, that our order of May 30, 1967, was improvidently entered and it is hereby set aside and vacated. The appeals taken on October 31, 1966, are reinstated.

■ We entertain the view that since Griffin has been declared to be an indigent and was without counsel at a time when a request could have been made for an extension of time within which to file the reporter's transcript of the evidence with the circuit clerk, we can consider the reporter's transcript of the evidence which was included in the transcript of the record filed here on April 13, 1967, although said transcript of the evidence was filed late, under the discretion vested in us by Supreme Court Rule 48, which reads:

"In cases at law where the court reporter's transcript of the evidence is not filed with the clerk of the circuit court within the time prescribed by law, but is filed within the time for taking an appeal, it will be considered by this court if no objection thereto is presented upon the submission of the cause; and it may be so considered in the discretion of the court, even though the point as to the delay be presented on appeal, unless counsel objecting thereto shall point out, with supporting affidavit, material omissions or defects in such certified transcript which should or would have been the subject of contest before the trial judge; in which latter event the certified transcript is not to be considered."

The case of Watkins v. Kelley, 262 Ala. 524, 80 So.2d 247, was decided prior to the effective date of Supreme Court Rule 48, as revised. In Underwood v. Brantley, 280 Ala. 215, 191 So.2d 220, we followed the holding in Watkins v. Kelley, *supra,* but we did not take into consideration the fact that Revised Supreme Court Rule 48 became effective on June 1, 1955, subsequent to the decision in Watkins v. Kelley, *supra.* Of course, both the *Watkins case* and the *Underwood case* dealt with civil matters.

■ We think Supreme Court Rule 48 has a field of operation in connection with the appeals of persons who have been declared to be indigent. The Court of Appeals of this state has so considered it. See Leonard v. State, 43 Ala.App. 454, 192 So.2d 461, and Foster v. State, 44 Ala.App. 139, 204 So.2d 148.

Without expressly approving or disapproving all that was said by the trial judge in the orders rendered by him in the proceedings which occurred in the circuit court following our order of May 30, 1967, we affirm his judgment refusing to order a second free transcript of the testimony and a second free transcript of the record.

The appeal of Griffin will stand ready for submission on the record filed in this court on April 13, 1967. Counsel for Griffin is given thirty days from this date within which to file a brief on behalf of Griffin, and the Attorney General is given twenty days from the date on which service is had upon him of the appellant's brief within which to file a brief on behalf of the State if he so desires. If the Attorney General files no brief on behalf of the State as above provided, the cause will be

submitted on brief of appellant unless a request for oral argument is made.

We will entertain no motion by the Attorney General to strike the transcript of the evidence as it appears in the transcript of the record filed here on April 13, 1967. Supreme Court Rule 48, *supra*.

The judgment of the trial court presently under review is affirmed.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.