227 So.2d 439

**James Lee PHARR**

v.

**STATE.**

**I Div. 241.**

Court of Appeals of Alabama.

[Transferred to 1 Div. 1. Court of Criminal Appeals of Alabama].

June 17, 1969.

Rehearing Denied by Court of Appeals Aug. 19, 1969.

John Coleman, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Herbert H. Henry, Asst. Atty. Gen., for the State.

CATES, Judge.

This is an appeal from a judgment of conviction of burglary in the second degree, carrying a penitentiary sentence of ten years.

We have only the record proper (or common law record) before us. The sole point claimed as error, is that after nine extensions of time, the circuit court reporter has failed to render a transcription of his shorthand notes of the testimony given at the trial.

The trial judge supervises the court reporter. Inasmuch as the circuit judge is the appointing authority, he holds the ultima ratio to persuade. See Michie's 1958 Code, T. 13, §§ 261–270(1c); also T. 7, § 827(5).

The instant record contains no indication that the court reporter was granted a tenth or further extension. Therefore, the circuit clerk was within his rights (and hence duty bound) to send the record up in its present attenuated condition.

If the notes are lost or otherwise not forthcoming, Michie's Code, T. 7, § 827(3), affords an alternative. Pritchett v. State, 40 Ala.App. 498, 117 So.2d 345. See also Birdsell v. State, 41 Ala.App. 418, 133 So. 2d 692, as to use of a tape recorder.

No claim has been made that Pharr is or was an indigent. Hence, we hold that Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, does not affect this appeal.

Having considered the record under Code 1940, T. 15, § 389, we hold the judgment below is due to be

Affirmed.