267 So.2d 477

**Carl POPULUS, alias**

v.

**STATE.**

**1 Div. 38.**

Court of Criminal Appeals of Alabama.

Oct. 10, 1972.

David L. Barnett, Mobile, for appellant.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Robbery: sentence ten years.

### I

Populus was tried and convicted, gave notice of appeal, received a stay of execution with bond fixed at $7,000.00 which he apparently has been unable to post. The verdict, judgment and sentence were all on June 25, 1969.

The record was not filed here until May 2, 1972. The interval of thirty-four months was consumed by the need for eighteen separate orders granting the court reporter extensions of additional time in which to file his transcription of the testimony.

Appellant, for aught that appears in the record before us, did not petition the cognizant circuit judge for a show cause order against the court reporter of instant concern. As the former Court of Appeals said in Pharr v. State, 45 Ala.App.152, 227 So.2d 439:

> "The trial judge supervises the court reporter. Inasmuch as the circuit judge is the appointing authority, he holds the ultima ratio to persuade. See Michie's 1958 Code, T. 13, §§ 261–270(1c); also T. 7, § 827(5)."

We are aware of cases such as Way v. Crouse, 10 Cir., 421 F.2d 145 wherein Murrah, Ch. J., wrote:

> "This court has previously addressed the problem of delays in state court appeals, albeit in connection with post-conviction litigation and not in direct appeals. In Jones v. Crouse, 360 F.2d 157 (10th Cir. 1966), we held that without knowing the facts and circumstances giving rise to a delay of six months in an appeal from denial of a § 1507 motion, the federal district court could not properly conclude that the petitioner's state remedies were adequate and effective. And we have repeatedly recognized that an inordinate, excessive and inexcusable delay may very well amount to a denial of due process cognizable in federal court. See, e. g., Smith v. State of Kansas, 356 F.2d 654 (10th Cir. 1966), cert. denied, 389 U.S. 871, 88 S.Ct. 154, 19 L. Ed.2d 151 (1967).
>
> "Just as a delay in the adjudication of a post-conviction appeal may work a denial of due process, so may a like delay in the determination of a direct appeal. * * *"

■ Technically the notice of appeal transfers the cognizance of the cause to this court but only for questions of law reserved in the trial court.

■ Certainly the Legislature has given us no power to discipline a court reporter

who is within the appanage of a circuit judge.

In United States v. Cifarelli, 2 Cir., 401 F.2d 512, we find:

"* * * [t]he constitutional guarantee to a speedy trial upon which appellant relies cannot be easily transposed to an appeal. The purpose of the guarantee is to prevent long unjustified incarceration or anxiety prior to trial and to limit the possibility that the memory of witnesses may dim or evidence may be lost, thus impairing the ability of the accused to defend himself. United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 15 L.Ed.2d 627 * * *. On the other hand, delay in appeal is not truly prejudicial except in case of reversal. This is not such a case."

## II

 Objection was made to the State's impeaching Populus with a contradiction between his testimony on trial and his testimony at the preliminary hearing. The ground was:

"* * * [i]t hasn't been shown that he had a lawyer over there and it is my contention that any statement made at that proceeding would be inadmissible here."

On voir dire with the jury withdrawn testimony was given from which the trial judge could infer that Populus waived counsel at the preliminary hearing. R. 53–55.

No ground under Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387, arises because the preliminary hearing was held in 1969. Coleman was decided June 22, 1970. In Adams v. Illinois, 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202, Coleman was held to be prospective only. See Lamberth v. State, 48 Ala.App. 134, 262 So.2d 622.

## III

 We consider that the testimony regarding the use of "mug shots" for identification was not invidiously suggestive. The appellant's objection in the trial court was based on the mistaken premise that the mug shots were identified so as to show that they were police photographs. The picture picked out had no name, number or anything else on it. She (the witness) was *not* told that the detective had a man's photo which he wanted her to look at. This picture was presented loose along with a lot of others. R. 24–27.

We hold that the guidelines set out in Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247, have here not been breached.

We conclude from an examination of the entire record that the judgment below is due to be

Affirmed.

All the judges concur.