313 So.2d 553

**Jerry WHITE, ex parte**

**v.**

**STATE.**

**7 Div. 320**

Court of Criminal Appeals of Alabama.

Jan. 24, 1975.

John W. Norton, Anniston, for petitioner.

No appearance for respondent.

CATES, Presiding Judge.

This is an interim opinion in response to a petition to remand.

The instant appeal is from a denial of a writ of error by the Calhoun Circuit. White is proceeding in forma pauperis.

On November 4, 1974 the circuit court ordered the court reporter to furnish White with a free transcript of the shorthand notes taken at the hearing. This transcript has been delayed without any order of the circuit judge to extend the time for it to be filed with the circuit clerk.

Strictly, the procedure would have been for White to have sought a writ of mandamus or contempt citation to issue from the cognizant circuit judge directing appropriate action from the court reporter. This is implicit from Pharr v. State, 45 Ala.App. 152, 277 So.2d 439 and Populus v. State, 48 Ala.App. 686, 267 So.2d 477. Had the circuit judge denied this relief then a supervisory writ from this court could have been prayed for.

Alternatively, we can reverse and remand the cause for a new trial because without the evidence transcript the judgment below is meaningless. See Bland v. Alabama, 5 Cir., 356 F.2d 8. The right to the transcript is a constitutional one. Eskridge v. Washington, 357 U.S. 214, 78 S. Ct. 1061, 2 L.Ed.2d 1269; Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892; and Gardner v. California, 393 U.S. 367, 89 S.Ct. 580, 21 L.Ed.2d 601. We believe, however, that there is a tertium quid. Appellant has filed an affidavit from the court reporter stating that he can have the transcript of evidence in the Circuit Clerk's office not later than February 4, 1975.

Accordingly, the appeal—although submitted—will be held in abeyance until February 18, 1975 at noon, to allow filing of the evidence transcript as though it comes under Supreme Court Rule 48. Griffin v.

State, 284 Ala. 125, 222 So.2d 710. Otherwise, the judgment below will be reversed.[1]

We realize that there is a serious question of equal protection in applying such a waiver of rules for indigents. See Hadley v. State, 288 Ala. 293, 259 So.2d 853. *Hadley* was, rara avis, an affirmance of this court in striking a non-indigent's tardily filed transcript. See also the dissent of Mr. Justice Douglas in Hadley v. Alabama, 409 U.S. 937, 93 S.Ct. 245, 34 L.Ed. 2d 190. However, this is not the occasion to overrule *Griffin,* supra; Leonard v. State, 43 Ala.App. 454, 192 So.2d 461; or Brummitt v. State, 44 Ala.App. 78, 203 So. 2d 133.

Appeal abated with directions.

All the Judges concur.

Transcript Provided.

Affirmed, without opinion on May 27, 1975.

---

1. Ordinarily where a record proper is submitted the only question presented for review is the regularity of the proceedings below confined to the four corners of the certified record. Pitts v. State, 38 Ala.App. 342, 83 So.2d 258.

However, where constitutional questions arise waiver cannot be implied from the absence of an evidence transcript. Thomas v. State, 277 Ala. 570, 173 So.2d 111.