SENTELL, Clerk.
RULE 40(A), ALABAMA RULES OF JUDICIAL ADMINISTRATION — APPLICABILITY TO COURT REPORTER’S FEE FOR TRANSCRIPTS
Mr. Melvin G. Cooper, Executive Director of the State Ethics Commission, has submitted to me, as Clerk of the Supreme Court, pursuant to § 12-2-19(d), Code 1975, the following inquiries:
1. Does Rule 40(A), Alabama Rules of Judicial Administration, apply to the official grand jury reporter for the Fifteenth Circuit of Alabama in preparing transcripts of testimony before the grand jury on request of attorneys representing grand jury witnesses?
2. May court reporters employed by the state retain as personal income the fees provided in Rule 40(A) for the preparation of transcripts and copies of the original?
3. If so, are such court reporters permitted to use state time, equipment and materials for this purpose?
The first question is answered in the negative.
The second question is answered in the affirmative.
The third question is not answered.
The first paragraph of Rule 40(A) reads, in part, as follows:
*741 “Pursuant to the authority and responsibility of section 12-17-276, Code of Alabama, all court reporters shall be allowed a fee of $1.65 for the preparation of the original impression only for each page of the transcript of the proceeding .
The second paragraph of Rule 40(A) reads:
“Fees for copies will be allowed at a rate of 10 cents per page for each copy of the original impression.”
I
The information submitted with the first question shows that the office of Official Grand Jury Reporter for the grand juries of the counties comprising the Fifteenth Judicial Circuit was created by Act No. 705, Acts of Alabama, 1978. The act provides that the official Grand Jury Reporter shall be appointed by, and serve at the pleasure of, the district attorney elected for the circuit.
Section 4 of the act reads, in part, as follows:
“When directed by the elected District Attorney for such Circuit, the Official Grand Jury Reporter shall attend, in person, except as otherwise provided, the sessions of each Grand Jury held in such circuit and . . . shall take full stenographic notes of the oral testimony and proceedings . . . ”
Rule 40(A), Alabama Rules of Judicial Administration, was adopted by the Supreme Court pursuant to § 12-17-276, Code 1975, which reads as follows:
“Notwithstanding any statutes existing on October 10, 1975, which prescribed fees to be paid to court reporters for producing transcripts of their stenographic notes, the amounts of these fees may be fixed and adjusted by the supreme court at such time as it shall determine.”
Rule 40(A) fixes and adjusts only those fees which were prescribed for court reporters in statutes existing on October 10, 1975. If statutes existing on October 10, 1975, did not prescribe fees to be paid for transcripts of grand jury proceedings, such fees are not fixed or adjusted by Rule 40(A).
Statutes existing on October 10, 1975, which prescribed fees to be paid to court reporters for producing transcripts of their stenographic notes, were Title 7, § 827(2), (Act No. 80, Acts of Alabama, 1953, Section 4) and Title 13, § 263, Code of Alabama, Recompiled 1958.
Title 7, § 827(2), prescribed a fee for preparing transcripts on appeal of “causes tried.” See Title 7, § 827(1), Code, Recompiled 1958.
The proceedings of a grand jury are not a trial. Adams v. State, Ind., 17 N.E.2d 84, 118 A.L.R. 1095 (1938). See also Berness v. State, 263 Ala. 641, 646, 83 So.2d 613 (1955).
Title 13, § 263, Code, Recompiled 1958, excepts proceedings before the grand jury from its coverage.
Rule 40(A) does not prescribe or adjust fees for the preparation of transcripts of grand jury proceedings.
II
Rule 40(A), pursuant to § 12-17-276, Code 1975, fixes and adjusts fees “to be paid to court reporters.”
The first paragraph of Rule 40(A) provides that “all court reporters shall be allowed a fee . . . The second paragraph reads: “Fees for copies will be allowed . . .
A definition of “allow,” pertinent to the context of Rule 40(A), is: “to give or assign as a share or suitable amount (as of time or money) to a particular person or for a particular purpose.” Webster’s Third New International Dictionary (1976).
It is my opinion that court reporters may retain as personal income the fees provided by Rule 40(A) for preparation of transcripts and copies of original transcripts.
III
The third question is not answered for the reason that it is not within the *742 limits of the authority granted to the Clerk of the Supreme Court by § 12-2-19, Code 1975, which provides that “The clerk of the supreme court shall give his opinion in writing on any question of the interpretation of any rule of administration promulgated by the supreme court to any other officer or official of the state who shows a need for such opinion and requests the same.” There is no rule of administration, promulgated by the Supreme Court, dealing with the matters presented in the third question.