RULE 29, RULES OF JUDICIAL ADMINISTRATION-DESCRIPTION OF AND FEE FOR TRANSCRIPTS
ESDALE, Clerk.
Robert L. Childree, state comptroller, has submitted to me, as Clerk of the Supreme Court, pursuant to § 12-2-19(d), Code of Alabama 1975, the following questions:
1. Are “free lance” reporters governed by Rule 29, Alabama Rules of Judicial Administration?
2. Is there a distinction between the fee permitted an official court reporter and the fee permitted a “free lance” reporter appointed by the court?
The answer to the first question is yes.
The answer to the second question is no.
I.
Rule 12, Alabama Rules of Judicial Administration, and §§ 12-17-270 and -272, Code of Alabama 1975, provide for three categories of court reporters: official court reporters, special roving reporters, and special court reporters. There arises the question “exactly what is a ‘free lance’ reporter as referenced in the first question?” If a “free lance” reporter is actually another title for the three types of designated reporters, then these “free lance” reporters are certainly governed by Rule 29 of the Alabama Rules of Judicial Administration. If, on the other hand, a “free lance” reporter has duties and responsibilities other than those set out in Rule 12, then the answer to the first question must be a conditional yes. If a “free lance” reporter is carrying out responsibilities referred to in the Alabama Rules of Judicial Administration, then Rule 29 does apply to the “free lance” reporter. If there are *1224 responsibilities not contemplated by the Alabama Rules of Judicial Administration, then it is questionable whether Rule 29 would apply to the “free lance” reporter while the reporter is fulfilling those responsibilities.
Assuming that this question arises almost always in the context of the preparation of “the transcript of the judicial proceedings,” as provided by Rule 29(A), my opinion is that any court reporter, however designated or referred to, is bound by the fee schedule provided in Rule 29. That is, when one voluntarily agrees to transcribe “judicial proceedings,” within the meaning of the Alabama Rules of Judicial Administration, one assumes all of the duties and responsibilities of the Rules, including the fee schedule of Rule 29.
In answering the first question in the affirmative, I have assumed, therefore, that the responsibilities undertaken by the “free lance” reporter are those contemplated by the Alabama Rules of Judicial Administration.
II.
Having answered the first question in the affirmative based on the assumption that the “free lance” reporter is doing basically the same tasks that are set out in Rule 12 for the three designated types of court reporters, I conclude that the answer to the second question is “no.” There is no distinction between the fees permitted an official court reporter and the fees permitted a “free lance” reporter appointed by the court or the Administrative Director of Courts when the “free lance” reporter is performing those tasks set out in the Alabama Rules of Judicial Administration. This opinion is consistent with Opinion of the Clerk No. 34, 396 So.2d 99 (Ala.1981), which stated that, “Rule 40(A) [now Rule 29], Alabama Rules of Judicial Administration, specifically governs all court reporters.”
Section 12-17-272, Code of Alabama 1975, provides: “Transcript fees of special roving reporters and special reporters shall be paid at the rate set for court reporters, pursuant to § 12-17-276.” Section 12-17-276 simply states that such transcript fees may be fixed by the Supreme Court. The Supreme Court has fixed fees in Rule 29. I note that § 12-17-272 provides that the “rate of compensation of such special roving reporter shall be established by the Administrative Director of Courts,” but that is not the question or issue here.
III.
Because this opinion is requested by the state officer responsible for approving payments for transcripts in indigent cases, this opinion applies only to “cases wherein the court finds that the defendant is indigent and entitled by law to a transcript provided at State expense,” Rule 29(D), if a timely appeal is taken. This opinion does not relate to civil litigation between private parties, where an official court reporter (that is, a State-paid employee) is unavailable, and the party desiring a court reporter agrees to pay the private or “free lance” court reporter compensation above or below the fee set out in Rule 29(B). (See Ex parte French, 547 So.2d 547 (Ala.1989).)