This is an appeal from a judgment of the trial court directing the executrix of the estate of Ben Ruben Pope, Sr., to prepare a deed conveying fee simple title to certain real property to Pope's widow, Catherine Pope Carpenter. The deed was to be given in satisfaction of Carpenter's claim for a homestead allowance under § 43-8-110, Ala. Code 1975, and her claim for a family allowance pursuant to § 43-8-112. Opposing the conveyance were Pope's three children from a prior marriage: Julie Ann Browning, Ben Ruben Pope, Jr., and Tom Henry Pope.
When Pope died in February 1986, he owned a one-half interest in a parcel of real property located in Lee County. The other one-half interest was owned by Carpenter; however, the deed under which the property was held did not contain a survivorship provision. In August 1990, Carpenter filed a petition for probate of Pope's will and for letters testamentary regarding Pope's estate. Carpenter also filed a claim of exemptions pursuant to §§ 43-8-110 through -112. Thereafter, Carpenter petitioned the probate court for removal of the estate proceedings to the circuit court. Removal was granted, and Carpenter then filed her petition to transfer the real estate. Following an ore tenus proceeding, the trial court entered a judgment for Carpenter on the petition to transfer the real estate. This appeal followed.
The issue raised on this appeal is whether the trial court erred in determining that Carpenter is entitled to a $6,500 family allowance pursuant to § 43-8-112.
According to the statement of the evidence that was placed in the record pursuant to Rule 10(d), A.R.App.P., the value of Pope's half interest in the real property that he owned jointly with Carpenter was $12,500. The trial court determined that Carpenter was entitled to a $6,000 homestead allowance, pursuant to § 43-8-110. That part of the trial court's judgment is not at issue on this appeal. However, in addition to the $6,000 homestead allowance, the trial court determined that Carpenter was also entitled to a family allowance pursuant to §43-8-112 in the amount of $6,500. Pope's children claim that there is no evidence supporting the award of a family allowance by the trial court.
At this point, we note that the trial court's findings as set forth in its judgment followed an ore tenus proceeding; *Page 908 
therefore, the ore tenus rule is applicable in this case. Under the ore tenus rule, we presume that the trial court's judgment based on findings of fact is correct, and we will reverse only if it is found to be plainly and palpably wrong, after a consideration of all the evidence and after making all the inferences that can be logically made from the evidence.Adams v. Boan, 559 So.2d 1084 (Ala. 1990). Furthermore, when testimony is before the trial court and is considered by the trial court in reaching its decision, and this testimony is not in the record, either in a transcript or in a Rule 10(d) statement, it must be presumed that the testimony was sufficient to support the judgment. Boatfield v. Boatfield,570 So.2d 1250 (Ala.Civ.App. 1990).
In the present case, after considering the statement of the evidence that was prepared pursuant to Rule 10(d), we cannot say that the trial court was plainly and palpably wrong in awarding Carpenter a $6,500 family allowance. Because of the applicability of the ore tenus rule in the present case, we conclude that the judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.