INGRAM, Justice.
Milford Leon Garmon, the respondent in several attorney disciplinary matters before the Alabama State Bar, filed a petition for a writ of mandamus directed to Rená Messick, the court reporter in his disciplinary proceedings, and to the secretary of the Alabama State Bar. Garmon raises several issues as to these parties’ respective responsibilities in preparing and filing the record for an appeal from those disciplinary matters. Previously, this Court informally directed Messick to prepare an appellate transcript of the proceedings and directed the secretary to prepare the clerk’s record once Messick forwards the transcript to the Alabama State Bar. Those directions obviate all but one of the issues Garmon raises.
The remaining issue raised in Garmon’s petition is whether a court reporter, retained by the Alabama State Bar to record formal attorney disciplinary proceedings, is bound by Rule 29(B), Ala.R.Jud.Admin., as to the maximum fee he or she may charge for preparing a transcript of those proceedings. Garmon requested preparation of the transcript of the proceedings in ASB~89-099(A). The court reporter prepared the transcript and charged Garmon a fee of $3.50 per page. Garmon forwarded payment to the court reporter at a rate of $2.50 per page. When Garmon later requested transcripts for ASB-89-173 and ASB-89-341, the court reporter refused to transcribe those proceedings until Garmon provided an advance payment in full at the rate of $3.50 per page. Garmon forwarded to his attorney the difference between the amount charged and the amount already paid for the first transcript, for the attorney to hold it until this fee dispute is settled.
Ala.R.Jud.Admin. 29(B) sets the maximum fee an official court reporter may. charge an appellant for transcribing judicial proceedings covered by the Rules of Judicial Administration:
“(B) Fees for Court Reporters. All official court reporters, special roving reporters, and special court reporters shall be allowed a fee of $2.25 per page for the preparation of the original impression of the transcript of the proceeding. For providing copies of the original impression of the transcript, the court reporter shall be allowed a fee of 50 cents per page. (Amended effective June 1, 1993).”
A proceeding by the Disciplinary Board of the State Bar is a judicial proceeding in that it is a judicial inquiry by this Court acting through the Alabama Board of Bar Commissioners. Cain v. Board of Commissioners of the Alabama State Bar, 345 So.2d 1343, 1346 (Ala.1977). When a judgment of a trial court is based upon evidence presented ore tenus, a party appealing the judgment must present the appellate court an official transcript; such a transcript is necessary to support an appeal seeking reversal of the judgment. Browning v. Carpenter, 596 So.2d 906 (Ala.1992). It is illogical to suggest that the transcript used to support an appeal to this Court from the Bar’s Disciplinary Board is not an official transcript.
In Opinion of the Clerk No. 47 568 So.2d 1223 (Ala.1990), the clerk of this Court addressed the issue whether freelance reporters who transcribe judicial proceedings are bound by the fee arrangement in Ala.R.Jud.Admin. 12(B). He reasoned that “when one voluntarily agrees to transcribe judicial proceedings, within the meaning of the Alabama Rules of Judicial Administration, one assumes all the duties and responsibilities of the Rules, including the fee schedule of Rule 29.” 568 So.2d at 1223-24.
This Court may set and prescribe the fees to be paid to court reporters for transcripts of official proceedings. Ala.Code 1975, § 12-17-276. Rená Messick, the court reporter who recorded the disciplinary proceedings involving Garmon, submitted affidavits from numerous other court reporters in the State of Alabama indicating that $3.50 is a reasonable fee for transcribing this type of proceeding. Messick also submitted her own receipts showing a rate of $3.50 per page charged, and collected, in regard to other hearings and depositions that she has transcribed. Rule 3(b), Ala.Rules of Disciplinary Procedure (Interim), states that, except as otherwise provided, the Alabama Rules of Appellate Procedure shall apply to attorney disciplinary proceedings. Although Rule 3(b) *259 says nothing about the Rules of Judicial Administration, by inference Rule 12(B) must necessarily apply in order to promote uniformity, unless this rule is otherwise superseded. However, there is no evidence here of a prior arrangement whereby Garmon contracted with Messiek for her services as a court reporter at a rate of $3.50 per page for transcribing the disciplinary proceedings. The State Bar retained Messiek; therefore, she is bound by the fee schedule set by this Court.
Based on the foregoing conclusions, we hold that the court reporter at a disciplinary proceeding before the Alabama State Bar is bound by the fee schedule set out in Ala.R.Jud.Admin. 29(B).
WRIT GRANTED.
MADDOX, SHORES, HOUSTON, STEAGALL and COOK, JJ., concur.