PER CURIAM.
 

 The State of Alabama filed this petition for a writ of mandamus directing Judge Sibley G. Reynolds to grant its motion to compel Judge Reynolds’s official court reporter, Deborah Sharman, to complete the transcript of Jason Murphy’s second capital-murder trial. In October 2003, Murphy was indicted for two counts of capital murder. In August 2006, Murphy’s first trial ended in a mistrial. His second trial ended in a mistrial in September 2007. The State contacted Sharman and requested that a transcript of the second trial be completed before Murphy’s third trial. (It asserts that it needs a transcript of the second trial because some testimony at that trial was inconsistent with testimony at the first trial and because the defendant testified at the second trial.) In a letter dated February 11, 2008, Sharman agreed to transcribe the second trial. She forwarded an invoice to the State in the amount of $10,740, based on a rate of $6.00 per page. On February 25, 2008, the State mailed Sharman a check for $4,027.40, and explained that according to Rule 29(B), AIa.R.Jud.Admin., it was bound by the fee limitation set by the Alabama Supreme Court of $2.25 per page. Sharman refused to accept the check and informed the State that Rule 29(B) applied only to transcripts that were prepared for appeals; thus, she asserted, she was not bound by the fee schedule set out in that Rule. On March 31, 2008, the State moved that Judge Reynolds compel his court reporter to comply with Rule 29(B) and to transcribe Murphy’s second trial. After a hearing, Judge Reynolds denied the motion. On April 17, 2008, the State filed this mandamus petition and requested that we stay Murphy’s third trial.
 
 [1]
 
 We stayed the proceedings in the circuit court and requested that the respondents answer the allegations contained in this mandamus petition.
 

 The Alabama Court Reporters’s Association (“the Association”) has filed an amicus curiae brief in response to this petition. It asserts that Judge Reynolds has no authority over the official court reporter and that according to § 12-17-24, Ala.Code 1975, this mandamus petition should have been filed with the presiding judge of the Elmore Circuit Court.
 
 [2]
 
 The presiding judge of the Elmore Circuit Court is Judge Reynolds.
 
 [3]
 

 According to § 12-17-270, Ala. Code 1975, “Each of the judges of the circuit courts of this state shall appoint a competent person to perform the duties of official court reporter of the courts in the circuit over which said judge presides.” “[A]s the appointing authority, the circuit judge has a duty to see that the court reporter functions properly .... ” See Car
 
 *1087
 

 ter v. State,
 
 356 So.2d 682, 688 (Ala.Crim. App.1978). “The trial judge supervises the court reporter. Inasmuch as the circuit judge is the appointing authority, he holds the ultima ratio to persuade.”
 
 Pharr v. State,
 
 45 Ala.App. 152, 153, 227 So.2d 439, 439 (1969). See also 82 C.J.S.
 
 Stenographers
 
 § 11 (2008).
 

 In
 
 White v. State,
 
 55 Ala.App. 126, 313 So.2d 553 (Ala.Crim.App.1975), we specifically addressed the procedure used when a court reporter fails to comply with his/her duties.
 

 “Strictly, the procedure would have been for White to have sought a writ of mandamus or contempt citation to issue from the cognizant circuit judge directing appropriate action from the court reporter. This is implicit from
 
 Pharr v. State,
 
 45 Ala.App. 152, 227 So.2d 439 [ (1969),] and
 
 Populus v. State,
 
 48 Ala.App. 686, 267 So.2d 477 [ (1972) ]. Had the circuit judge denied this relief then a supervisory writ from this court could have been prayed for.”
 

 55 Ala.App. at 127, 313 So.2d at 553. The State followed the procedure set out in
 
 White v. State.
 

 [4]
 

 ,
 
 When the circuit court denied the motion to compel, the State properly filed a petition for a writ of mandamus with this Court.
 
 [5]
 

 The State argues that Sharman, an official court reporter, is bound by the provisions of Rule 29(B), Ala.R.JudAdmin. The respondents assert that Rule 29(B) applies only to transcripts prepared for appeal and to no other transcripts; thus, they argue, Sharman can charge a rate of $6.00 per page for the transcript of Murphy’s second trial because the transcript is not being prepared for appeal.
 

 Section 12-17-276, Ala.Code 1975, specifically gives the Alabama Supreme Court the authority to promulgate a fee schedule for court reporters. This section states:
 

 “Notwithstanding any statutes existing on October 10, 1975, which prescribe fees to be paid to court reporters for producing transcripts of their stenographic notes, the amounts of these fees may be fixed and adjusted by the Supreme Court at such times as it shall determine.”
 

 Rule 29(B), Ala.R.Jud.Admin., states:
 

 “Fees for Court Reporters. All official court reporters, special roving reporters, and special court reporters shall be allowed a fee of $2.25 per page for the preparation of the original impression of the transcript of the proceeding. For providing copies of the original impression of the transcript, the court reporter shall be allowed a fee of 50 cents per page.”
 
 [6]
 

 The content of Rule 29(B), Ala.R.Jud.Admin., was originally addressed in Rule 40(A), Ala.R.JudAdmin., which was adopted effective December 1, 1976. Rule 40(A) originally stated:
 

 “Pursuant to the authority and responsibility of Section 7-110 of Act. No.
 
 *1088
 
 1205, Acts of Alabama, 1975 Regular Session, all court reporters shall be allowed a fee of $1.65 for the preparation of the original impression only of each page of the transcript of the proceedings which shall be on legal size paper.... ”
 

 This Rule was moved to Rule 29(B), Ala.R.Jud.Admin., and amended to its present form in April 1999.
 

 Rule 29, Ala.R.Jud.Admin., is entitled: “Description of Transcript; Fees Related to Transcripts; Transcripts for Indigent Defendants; Office Furniture, Equipment, and Supplies for Court Reporters.” The only provision in Rule 29 which contains any type of limiting proviso is Rule 29(A)(5)(j), which states that the “transcript format guidelines” set out in Rule 29(A) apply only to cases appealed to the Alabama appellate courts. The fee schedule set out in Rule 29(B) has no such limiting provision.
 

 “ ‘We start with the basic premise that words used in court rules must be given their plain meaning.’ ”
 
 Ingram v. State,
 
 882 So.2d 374, 376 (Ala.Crim.App. 2003), quoting
 
 Nieto v. State,
 
 842 So.2d 748, 749 (Ala.Crim.App.2002). Rule 29(B) contains no statement that limits its application to transcripts for appeal. The comments to Rule 29(B) state: “Subdivision (B) establishes the fees that the court reporter shall be paid for each page of the original impression of the transcript and for copies thereof prepared by the court reporter.” Moreover, this rule is the only rule adopted by Alabama Supreme Court that addresses a fee schedule for court reporters.
 

 In interpreting the scope of the application of Rule 29(B), Ala.R.JudAdmin., the clerk of the Alabama Supreme Court has issued several opinions liberally applying this rule.
 
 [7]
 
 In
 
 Opinion of the Clerk No.
 
 ¾, 396 So.2d 99 (Ala.1981), the clerk wrote that the fees set out in Rule 40 (now Rule 29, Ala.R.Jud.Admin.) applied to all transcripts filed in all three appellate courts and that the fee schedule applied to special roving court reporters who were assigned to fill temporary vacancies.
 
 [8]
 
 In
 
 Opinion of the Clerk No. 47,
 
 568 So.2d 1223 (Ala. 1990), the clerk wrote that Rule 29 applied to freelance court reporters. That opinion stated:
 

 “Assuming that this question arises almost always in the context of the preparation of ‘the transcript of the judicial proceedings,’ as provided by Rule 29(A), my opinion is that any court reporter, however designated or referred to, is bound by the fee schedule provided in Rule 29. That is, when one voluntarily agrees to transcribe ‘judicial proceedings,’ within the meaning of the Alabama Rules of Judicial Administration, one assumes all of the duties and responsibilities of the Rules, including the fee schedule of Rule 29.”
 

 568 So.2d at 1224.
 

 However, in
 
 Opinion of the Clerk No. 29,
 
 386 So.2d 739, 741 (Ala.1980), the clerk of the Supreme Court wrote that Rule 40 did not apply to grand-jury proceedings and stated: “The proceedings of a grand jury are not a trial .... Rule 40(A) does not prescribe or adjust fees for the prepa
 
 *1089
 
 ration of transcripts of grand jury proceedings.”
 

 More recently the Alabama Supreme Court in
 
 Ex parte Garmon,
 
 641 So.2d 257 (Ala.1994), issued a writ of mandamus directing a court reporter who was preparing a transcript of disciplinary proceedings before the Alabama State Bar to comply with the fee limits contained in Rule 29(B), Ala.R.Jud.Admin. In applying Rule 29(B), Ala.R.Jud.Admin., to that proceeding, the Supreme Court reasoned:
 

 “A proceeding by the Disciplinary Board of the State Bar is a judicial proceeding in that it is a judicial inquiry by this Court acting through the Alabama Board of Bar Commissioners.
 
 Cain v. Board of Commissioners of the Alabama State Bar,
 
 345 So.2d 1343, 1346 (Ala.1977). When a judgment of a trial court is based upon evidence presented ore tenus, a party appealing the judgment must present the appellate court an official transcript; such a transcript is necessary to support an appeal seeking reversal of the judgment.
 
 Browning v. Carpenter,
 
 596 So.2d 906 (Ala.1992). It is illogical to suggest that the transcript used to support an appeal to this Court from the Bar’s Disciplinary Board is not an official transcript.
 

 “In
 
 Opinion of the Clerk No. 47,
 
 568 So.2d 1223 (Ala.1990), the clerk of this Court addressed the issue whether freelance reporters who transcribe judicial proceedings are bound by the fee arrangement in Ala.R.Jud.Admin. 12(B). He reasoned that ‘when one voluntarily agrees to transcribe judicial proceedings, within the meaning of the Alabama Rules of Judicial Administration, one assumes all the duties and responsibilities of the Rules, including the fee schedule of Rule 29.’ 568 So.2d at 1223-24.
 

 “This Court may set and prescribe the fees to be paid to court reporters for transcripts of official proceedings. Ala. Code 1975, § 12-17-276. Rená Messick, the court reporter who recorded the disciplinary proceedings involving Garmon, submitted affidavits from numerous other court reporters in the State of Alabama indicating that $3.50 is a reasonable fee for transcribing this type of proceeding. Messick also submitted her own receipts showing a rate of $3.50 per page charged, and collected, in regard to other hearings and depositions that she has transcribed. Rule 3(b), Ala.Rules of Disciplinary Procedure (Interim), states that, except as otherwise provided, the Alabama Rules of Appellate Procedure shall apply to attorney disciplinary proceedings. Although Rule 3(b) says nothing about the Rules of Judicial Administration, by inference Rule 12(B) must necessarily apply in order to promote uniformity, unless this rule is otherwise superseded. However, there is no evidence here of a prior arrangement whereby Garmon contracted with Mes-sick for her services as a court reporter at a rate of $3.50 per page for transcribing the disciplinary proceedings. The State Bar retained Messick; therefore, she is bound by the fee schedule set by this Court.
 

 “Based on the foregoing conclusions, we hold that the court reporter at a disciplinary proceeding before the Alabama State Bar is bound by the fee schedule set out in Ala.R.Jud.Admin. 29(B).”
 

 641 So.2d at 258-59.
 

 Reading Rule 29(B), Ala.R.Jud.Admin., in conjunction with § 12-17-276, Ala.Code 1975, and the above cases, we believe that the Alabama Supreme Court intended that Rule 29(B), Ala.R.Jud.Admin., apply to all court reporters who are transcribing “judicial proceedings,” no matter what the purpose of those proceedings being transcribed.
 
 *1090
 
 Murphy’s second trial was a judicial proceeding within the scope of Rule 29, Ala.R.Jud.Admin. Thus, Sharman was bound by the fee limits set by the Alabama Supreme Court in Rule 29(B), Ala.R.Jud.Admin.
 

 For the foregoing reasons, this petition for a writ of mandamus is granted. Judge Reynolds is directed to grant the motion to compel and to continue Murphy’s third trial until a transcript of the second trial is prepared by his official court reporter, Deborah Sharman.
 

 PETITION GRANTED; WRIT ISSUED; STAY LIFTED.
 

 BASCHAB, P.J., and McMILLAN, SHAW, and WELCH, JJ., concur; WISE, J., recuses herself.
 

 [1]
 

 . This petition was filed within seven days of the ruling that is the subject of this mandamus; thus, it is timely. See
 
 Ex parte Thomas,
 
 828 So.2d 952 (Ala.2001).
 

 [2]
 

 . Section 12-17-24, Ala.Code 1975, states:
 

 "The presiding circuit judge shall exercise a general supervision of the judges, clerks, registers, court reporters, bailiffs, sheriffs and other court employees of the circuit and district courts within the circuit, except employees of the clerk, and see that they attend strictly to the prompt, diligent discharge of their duties.”
 

 [3]
 

 .This Court may take judicial notice of the presiding judge in a particular circuit. See
 
 Ex parte Sandifer,
 
 925 So.2d 290 (Ala.Crim. App.2005).
 

 [4]
 

 . We must treat a filing according to its substance and not its style. See
 
 Ex parte Deramus, 882
 
 So.2d 875 (Ala.2002). Thus, we have treated the motion to compel as a supervisory writ.
 

 [5]
 

 . The Association further argues that it was unreasonable and unworkable for the State to believe that Sharman could transcribe the second trial in the time allotted. In Shar-man's letter to the State dated February 11, 2008, she indicated that it was a rush job but that, if paid, she could have the transcript ready by the week of April 21, 2008. The trial was scheduled for April 29, 2008. This argument is unpersuasive.
 

 [6]
 

 . In
 
 Opinion of the Clerk No. 29,
 
 386 So.2d 739 (Ala. 1980), the clerk of the Alabama Supreme Court wrote that a court reporter could retain as personal income the fees set out in Rule 29, Ala.RJud.Admin.
 

 [7]
 

 . According to § 12 — 2—19(d), Ala.Code 1975, "[t]he Clerk of the Supreme Court shall give his opinion in writing on any question of the interpretation of any rule of administration promulgated by the Supreme Court to any other officer or official of the state who shows a need for such opinion and requests the same.”
 

 [8]
 

 .
 
 Opinion of the Clerk No. 34
 
 was released before the rule was amended to specifically state that the rule applied to special roving court reporters.